904 P.2d 45

**COUNTY OF LOS ALAMOS,
Plaintiff–Appellant,**

v.

**William C. BECKMAN, Defendant–
Appellee.**

**No. 16068.**

Court of Appeals of New Mexico.

Sept. 6, 1995.

**598**

John Paul Weber, County Attorney, Lynn M. Finnegan, Mary K. Walz, P.A., Special Assistant County Attorney, Los Alamos, for Plaintiff–Appellant.

F. Stephen Boone, Griffith, Boone and Cruse, Los Alamos, for Defendant–Appellee.

## OPINION

BUSTAMANTE, Judge.

The County of Los Alamos (the County) appeals from a district court order dismissing misdemeanor charges against Defendant William C. Beckman (Beckman) because he was not brought to trial in municipal court within the six-month period required by SCRA 1986, 8–506(B) (Repl.1990) (six-month rule). The issues raised by this appeal are: (1) whether the district court erred in failing to find that Beckman waived his rights under the six-month rule, and (2) whether, upon finding a violation of the six-month rule, the district court erred in failing to also conduct a constitutional speedy trial analysis. Finding no error, we affirm.

### STATEMENT OF FACTS

On July 18, 1993, Beckman was arrested for driving while intoxicated (DWI) and speeding, contrary to Los Alamos County Code Sections 10.24.140 and 10.20.020. On July 19, 1993, an amended complaint was filed against Beckman in the Los Alamos County Municipal Court. Trial was set for November 3, 1993. On motion of the court, the trial date was rescheduled to November 16, 1993. Thereafter, Beckman requested two continuances. First, Beckman orally requested a continuance of the November 16, 1993, trial date. The judge granted the continuance and rescheduled the trial for November 19, 1993. Then, by way of a letter and a motion, Beckman requested a continuance of the November 19 trial setting because he had a mandatory employment seminar to attend on that date. In the letter, Beckman stated he would "be available for trial on any other Monday or Friday after November 30, 1993." The request for Monday or Friday settings was designed to facilitate his having to travel to Los Alamos from his home in Denver, Colorado. Beckman also notified the court that the six-month rule expired on January 18, 1994. In the motion, Beckman waived the six-month rule "to the extent of any delay caused by the granting of [the] Motion."

In a notice of hearing letter dated December 15, 1993, the municipal court scheduled a new trial date for March 14, 1994. On March 9, 1994, Beckman filed a motion to dismiss all charges against him. Beckman argued that, pursuant to the six-month rule, his trial should have commenced on or before January 18, 1994. On March 14, 1994, the municipal court judge denied Beckman's motion to dismiss, proceeded to trial, and found Beckman guilty of both charges. Beckman appealed to the district court.

At the district court, Beckman again argued that he was entitled to dismissal of the charges under the six-month rule asserting that the continuances he requested amounted to no more than an eleven-day delay. Beckman emphasized he was specifically arguing a violation of the six-month rule and that he was not arguing he had suffered a constitu-

tional speedy trial violation. The County responded that any delay in setting the case for trial was Beckman's fault and also argued that dismissal was not appropriate unless the court also found a violation of Beckman's constitutional speedy trial right under the four-prong analysis enunciated by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 528, 92 S.Ct. 2182, 2190, 33 L.Ed.2d 101 (1972). The district court granted Beckman's motion to dismiss without elaboration.

### I. Six–Month Rule Analysis

Rule 8–506(B) provides in part:

B. Dismissal for failure to prosecute. Any charge which is pending for six (6) months from the date of the arrest of the defendant or the filing of the complaint or citation against the defendant, whichever occurs latest, without commencement of a trial by the municipal court shall be dismissed with prejudice unless, after a hearing, the municipal judge finds that the defendant was responsible for the failure of the court to commence trial.

It is clear that Beckman's trial did not occur within six months of the date of the filing of the complaint against him. The County contends that Beckman's request for two continuances, and his waiver of the six-month rule in conjunction with these continuances, precludes Beckman from relying on the six-month rule. The trial court found against the County, and we are not persuaded by the County's arguments to disagree.

■ Waiver is an intentional abandonment of a known right, and the burden of proof to establish waiver falls upon the County. *See State v. Bishop,* 108 N.M. 105, 108, 766 P.2d 1339, 1342 (Ct.App.1988). Generally, the question of whether waiver occurred is one for the fact finder to resolve. *Id.* at 109, 766 P.2d at 1343. However, when the evidence regarding waiver is written, its construction and the resulting interpretation of whether there was a waiver is a question of law. *Id.* We find no evidence of waiver in Beckman's first request for a continuance. Additionally, the language of Beckman's letter and motion requesting a second continu-

ance cannot reasonably be interpreted as an unlimited waiver of the six-month rule.

The County next argues that Beckman contributed to the delay by specifically requesting that his trial be set on a Monday or a Friday. The County explains that Beckman's request caused delay because the municipal court generally did not convene on Fridays and because the County's main witness, a police officer, was temporarily unavailable on Mondays. The County essentially argues that Beckman's request for a Monday or Friday trial date amounts to his consent or acquiescence to a trial setting after the six-month period. The County concedes that the period of delay was not entirely attributable to Beckman. It contends, however, that he significantly contributed to the delay and therefore should share in the responsibility for the failure to commence trial within six months.

■ We note initially that Beckman's letter indicated he would "appear for any scheduled hearing." Additionally, while it is not a defendant's responsibility to keep the County or the courts apprised of the expiration of the six-month rule, Beckman nevertheless indicated in his November 16 letter that the rule was set to expire on January 18, 1994. *See State v. Mascarenas,* 84 N.M. 153, 155, 500 P.2d 438, 440 (Ct.App.1972) (an accused has no duty to bring on his or her trial). Despite this knowledge, the court did not respond with a new notice of hearing until approximately one month after Beckman's request for a continuance. Additionally, the court's letter gave a trial setting approximately three-and-a-half months after the date Beckman indicated he would be ready for trial. There is nothing in the record indicating the County objected to the late setting, and there is nothing which indicates that the County requested a trial date within the six-month rule. Finally, the court was not required to abide by Beckman's request for a Friday or Monday setting. The court could have set a trial date on any day within the rule and, if Beckman protested again, the court could have either required him to waive the rule until a more convenient date could be found, or it could have simply required

600

him to attend the scheduled hearing. In any event, the four-month delay in setting Beckman's case after his second request for a continuance cannot be attributed to him. Accordingly, we hold the six-month rule expired, and dismissal pursuant to the express provisions of the rule was appropriate.

## II. Constitutional Speedy Trial Analysis

The County argues alternatively that, even if this Court finds a violation of the six-month rule, the order of dismissal should be reversed because Beckman's constitutional right to a speedy trial was not violated. The County contends that, prior to dismissal, courts must always consider whether a constitutional speedy trial violation has occurred, even if the six-month rule is applicable and has been violated. In support, the County cites to language in *State v. Mendoza*, 108 N.M. 446, 449, 774 P.2d 440, 443 (1989), which states that "[w]henever there is a delay of more than six months between the time of arraignment and the date of the trial, four factors are to be considered in determining whether a defendant has been denied the right to a speedy trial." In *Mendoza*, our Supreme Court found no violation of the six-month rule where proceedings were stayed pending determination of the defendant's competency to stand trial. *Id.* After finding that the six-month rule had not been violated, the Court also undertook a constitutional four-prong analysis even though defendant had not presented a speedy trial argument to the trial court. The Court found no constitutional violation after determining that the defendant was responsible for the delay, that he had failed to assert his rights, and that there was no identifiable prejudice. *Id.* at 449-50, 774 P.2d at 443-44. Justice Ransom concurred in the result but cautioned that courts "should avoid a common 'speedy trial' appellation for [the six-month rule] and constitutional provisions, and [courts] should avoid engrafting principles of constitutional analysis onto the operation of the rule." *Id.* at 450, 774 P.2d at 444 (Ransom, J., concurring).

Beckman stipulates in his answer brief that "the delay in setting trial was not presumptively prejudicial," and that "the balanc-

ing test of *Barker v. Wingo* weighed in favor of the [County]." Given this stipulation, the issue before this Court is whether the six-month rule by itself governs the dismissal of Beckman's case or whether a violation of the constitutional speedy trial right must be found before dismissal is justified.

We determine *Mendoza* does not require the dual inquiry urged by the County. We base our decision on: (1) the inherent differences between the inquiries required under the constitution and six-month rules to determine whether a violation has occurred, (2) the universal failure of the courts to follow the procedure apparently suggested by *Mendoza*, (3) the holding of our Supreme Court in *Salandre v. State*, 111 N.M. 422, 806 P.2d 562 (1991), and (4) the general admonition to avoid constitutional analysis when a case can be decided on other grounds.

 The right to a speedy trial is grounded in the Sixth and Fourteenth Amendments of the United States Constitution and in Article II, Section 14 of the New Mexico Constitution. *Zurla v. State*, 109 N.M. 640, 642, 789 P.2d 588, 590 (1990). "The right protects a defendant against unreasonable and unnecessary delay in the resolution of criminal charges against him, as well as society's interest in the prompt resolution of such charges." *State v. Lujan*, 112 N.M. 346, 347-48, 815 P.2d 642, 643-44 (Ct. App.), *cert. denied*, 112 N.M. 279, 814 P.2d 457 (1991). "The right ... attaches when the defendant becomes an accused." *Id.* 112 N.M. at 348, 815 P.2d at 644. Dismissal of the charges is the sole remedy for a violation of the right. *Barker*, 407 U.S. at 522, 92 S.Ct. at 2187.

 The *Barker* test considers: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his or her right, and (4) the prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2191. When applying this test, "courts must ... engage in a difficult and sensitive balancing process.... carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id.* at 533, 92 S.Ct. at 2193. The first factor, "[t]he length of the delay[,] is to some extent a triggering mechanism. Until there is some

delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530, 92 S.Ct. at 2191; *accord Lujan,* 112 N.M. at 348, 815 P.2d at 644. In New Mexico, "nine months marks the minimum length of time that may be considered presumptively prejudicial, even for a case ... involving simple charges and readily-available evidence." *Salandre,* 111 N.M. at 428, 806 P.2d at 568. More complex cases are allowed a greater length of time before any presumption of prejudice is recognized. *Id.*

In contrast, statutory six-month rules were adopted by our Supreme Court for each of the trial courts with criminal jurisdiction as an administrative quantification of the constitutional guaranty of a speedy trial. *Mendoza,* 108 N.M. at 448, 774 P.2d at 442; *United States v. Gonzalez,* 671 F.2d 441, 443 (11th Cir.), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982). The purpose of six-month rules is to assure "the prompt trial and disposition of criminal cases" by providing a bright deadline within which disposition of a case should occur. *See State v. Flores,* 99 N.M. 44, 46, 653 P.2d 875, 877 (1982). However, the six-month rules, like the federal Speedy Trial Act, 18 U.S.C. § 3161(c)(1), do not purport to be coextensive with the constitutional provisions they seek to implement. *See Gonzalez,* 671 F.2d at 443; *United States v. Wentland,* 582 F.2d 1022 (5th Cir.1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979); *State v. Bolin,* 643 S.W.2d 806 (Mo.1983) (en banc); *State v. Hoffman,* 409 N.W.2d 373, 375 (S.D.1987) (holding it is erroneous to use a *Barker v. Wingo* analysis to resolve a statutory speedy trial claim).

■■■ The inquiry into possible six-month rule violations is different from the constitutional balancing test. Six-month rule cases essentially ask: (1) was the trial held within six months of the last triggering event, (2) if the trial was not held within six months, was there a waiver of the rule by defendant, (3) if there was a waiver, how much time was waived, and (4) if there was no waiver, was the defendant responsible for the failure to timely commence the trial? Application of the six-month rule is not meant to be mechanical. The rule is to be read with common sense and is not to be technically applied to effect dismissals. *See Flores,* 99 N.M. at 46, 653 P.2d at 877.

■■■ The six-month rule and the constitutional guaranty are of necessity related since they serve to attain the same policy goals. As noted, however, they are distinct in their operation and reach. While the rules for the different courts are not identical, each six-month rule has specific procedural events and dates upon which the rule starts to run. SCRA 1986, 6–506(B) (Repl.1990), the magistrate court rule, starts to run on the latest of the accused's arrest or the filing of a complaint or a citation, and SCRA 1986, 5–604(B) (Repl.1992), the district court rule, starts to run on the latest of the arraignment or waiver of arraignment. On the other hand, the constitutional speedy trial right attaches when a defendant becomes an accused. The United States Supreme Court has stated that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). In using the term "actual restraints," our Supreme Court believes *Marion* "evinced an approach sensitive both to deprivations of liberty and other relevant factors including harm to employment, financial resources and association, subjection to public obloquy, and creation of anxiety." *Salandre,* 111 N.M. at 426, 806 P.2d at 566. Unlike the commencement of the six-month rule, therefore, the speedy trial analysis does not rely on formulaic procedural occurrences. *Id.; see Kilpatrick v. State,* 103 N.M. 52, 53, 702 P.2d 997, 998 (1985) (time period after arrest and release on surety bond but before indictment must be considered in speedy trial analysis).

As a result, a motion to dismiss based on the six-month rule motion might fail and yet, in the same case, a constitutional challenge could be successful, or vice versa. For example, a case might be brought to trial within six months after indictment and yet be potentially subject to dismissal because of an

unreasonable delay between the time of arrest and indictment or trial. *See Kilpatrick*, 103 N.M. at 53, 702 P.2d at 998 (1985). In another context, a good faith dismissal of charges in order to pursue further investigation may not be counted against the state for speedy trial purposes, *see generally United States v. MacDonald*, 456 U.S. 1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982), whereas a similar dismissal might result in a violation of the six-month rule if identical charges are refiled. *State v. Lucero*, 108 N.M. 548, 550–51, 775 P.2d 750, 752–53, (Ct.App.), *cert. denied*, 108 N.M. 433, 773 P.2d 1240. Thus, although the two concepts are necessarily related, they do not cover the same ground.

New Mexico courts have recognized the distinction between the two concepts and, following Justice Ransom's admonition in *Mendoza*, we believe they have chosen not to engage in a constitutional speedy trial analysis where application of six-month rule principles suffice to resolve the case. In *State v. Sanchez*, 109 N.M. 313, 316–17, 785 P.2d 224, 227–28 (1989), for example, our Supreme Court found no violation of the six-month rule even though the rule expired while the defendant and the state were negotiating a plea agreement. The Court found that "prudence and common sense" mandated that the delay caused by plea negotiations was for the defendant's benefit and that both parties understood and implicitly agreed to a stay pending the outcome of the negotiations. *Id.* at 316, 785 P.2d at 227. After finding no violation of the six-month rule, the Court's inquiry ended. The Court did not engage in a constitutional speedy trial analysis even though fourteen months elapsed from the time of arraignment to commencement of trial. Similarly, in *State v. Lucas*, 110 N.M. 272, 273–74, 794 P.2d 1201, 1202–03 (Ct. App.), *cert. denied*, 110 N.M. 260, 794 P.2d 734 (1990), this Court rejected the defendant's claim that the six-month rule had been violated but did not engage in a constitutional speedy trial inquiry even though eight months passed from the date of defendant's arraignment to the time he filed his six-month rule motion. Also, in *State v. Altherr*, 117 N.M. 403, 407, 872 P.2d 376, 380 (Ct. App.), *cert. denied*, 117 N.M. 524, 873 P.2d 270 (1994), this Court found no violation of

the six-month rule and reversed the dismissal of charges without engaging in a constitutional analysis even though almost fifteen months passed from the time of the first indictment to the time trial was scheduled. Finally, we have held that a constitutional speedy trial argument may not ordinarily be made for the first time on appeal when the defendant only asserted a six-month rule violation in the trial court. *State v. Valdez*, 109 N.M. 759, 763, 790 P.2d 1040, 1044 (Ct.App.), *cert. denied*, 109 N.M. 704, 789 P.2d 1271 (1990).

Our review of these cases instructs us that our courts have not automatically engaged in a speedy trial constitutional analysis in conjunction with the evaluation of six-month rule claims despite the apparent admonition to do so in *Mendoza*. *But see Gutierrez v. Moriarty*, 922 F.2d 1464, 1471 (10th Cir.), *cert. denied*, 502 U.S. 844, 112 S.Ct. 140, 116 L.Ed.2d 106 (1991). This failure by the courts is appropriate given the inherent differences of the inquiries explored above.

We believe this approach is also required by our Supreme Court's explication of speedy trial application principles in *Salandre*. In *Salandre*, our Supreme Court held that a delay of less than nine months is not presumptively prejudicial in cases which present simple factual or legal questions. *Salandre*, 111 N.M. at 428, 806 P.2d at 568. The Court observed that a longer period would be allowed for complex cases before a presumption of prejudice would be recognized. *Id.* at n. 3. Applying *Mendoza* as urged by the County would result in abandonment, if not evisceration, of the six-month rule. The six-month period under the rule would be irrelevant because under *Salandre* no dismissal would be proper until at least nine months had elapsed. It would be inappropriate to apply *Mendoza* to effect an implied repeal of the six-month rule.

Applying *Mendoza* as urged by the County would also be contrary to the enduring and wise policy of the courts to decline to decide constitutional questions unless necessary to the disposition of the case. *See Schlieter v. Carlos*, 108 N.M. 507, 510, 775 P.2d 709, 712 (1989); *Advance Sch. Inc. v. Bureau of Reve-*

*nue,* 89 N.M. 79, 82, 547 P.2d 562, 565 (1976). Accepting the County's position would require the courts to undertake a constitutional analysis in every case even if the issue could be resolved, as here, purely on the statutory six-month rule. The courts would also be required to conduct a constitutional analysis even where the defendant does not wish to rely on the Sixth Amendment. This would create the anomalous situation presented here, in which the state could use the defendant's Sixth Amendment right to defeat operation of the statutory rule specifically enacted to give administrative voice to the Sixth Amendment. The difficulties presented by the County's position as to the meaning of *Mendoza* are thus presented in stark relief.

CONCLUSION

The six-month rule was violated when Beckman's trial was set more than eight months after his arrest. In arguing that trial has been unduly delayed, a defendant may rely on constitutional analysis or the statutory six-month rule, or both. However, if a violation of the six-month rule is found, the court is not required to automatically consider the constitutional test. The trial court is affirmed.

IT IS SO ORDERED.

ALARID and FLORES, JJ., concur.