2007-NMCA-096

164 P.3d 1014

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Paul LUCERO, Defendant–Appellee.**

**No. 25,579.**

Court of Appeals of New Mexico.

June 13, 2007.

Gary K. King, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, NM, for Appellant.

**316**

John Bigelow, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

BUSTAMANTE, Judge.

{1} This case requires us to decide whether the district court correctly applied Rule 5–604 NMRA, commonly known as the "six-month rule," to dismiss the charges against Paul Lucero (Defendant) where the State filed consecutive, identical criminal informations against him. The State argues that the criminal matter associated with the first information was closed following the district court's order remanding the case to magistrate court for a preliminary hearing, although the district court never issued an order closing the case. The State asserts that the case was effectively closed because the court clerk refused to accept filings in the case following the remand, which left the State no choice but to file a new criminal information. Thus, the State maintains the district court should have applied the six-month rule to the new case instead of the old one. We hold that the original case was never closed and that the district court correctly applied Rule 5–604 to that case. Accordingly, we affirm.

## BACKGROUND

{2} On August 18, 2003, the State filed a criminal complaint against Defendant in Gallup Magistrate Court alleging, *inter alia,* that Defendant was driving while intoxicated and possessed drug paraphernalia and a controlled substance. Defendant waived the preliminary hearing on October 30, 2003, based on a plea agreement reached with the State. The magistrate judge entered a bind-over order the following week, and the State thereafter charged Defendant by criminal information in the district court. The case was assigned the matter number of CR–2003–247.

{3} After several pretrial hearings, District Judge Joseph Rich held a plea hearing on April 26, 2004. Judge Rich rejected the proposed plea agreement and set the matter for trial on May 4, 2004. Several days later, Defendant filed a motion to remand the case to magistrate court for a preliminary hearing. As grounds for the motion, Defendant argued that he only waived his previous opportunity for a preliminary hearing because he had reached a plea agreement with the State; once Judge Rich rejected his plea, he was entitled to another opportunity for a preliminary hearing. The State filed a response to the motion requesting that the case proceed to trial because, among other things, the State complied with the terms of the plea agreement, the case was ready for trial, and the case could not be tried within the necessary time limits following remand. Judge Rich granted Defendant's motion for remand on May 3, 2004.

{4} The magistrate court clerk filed a notice of preliminary examination on July 2, 2004. Defendant later waived the preliminary examination-contrary to his prior stated intention-and the magistrate judge entered a bind-over order on July 26, 2004. At this point, the State chose to file a new criminal information in the district court, which was assigned the matter number of CR–2004–241. The criminal information was identical to the one filed in CR–2003–247. Defendant filed a motion for discovery and inspection, as well as a notice of excusal seeking to excuse Judge Rich in CR–2004–241. On August 12, 2004, Judge Grant Foutz was appointed to hear the case.

{5} Defendant was arraigned on September 3, 2004. Following the arraignment, Judge Foutz set the case for trial on January 11, 2005. The State thereafter filed a request for a hearing regarding a purported "motion for speedy trial by October 25, 2004." However, it appears from the record that the State never actually filed the motion, nor was such a hearing ever held. Moreover, the State never requested an extension of time to bring Defendant to trial. On December 8, 2004, Defendant filed a motion to dismiss for violation of Rule 5–604.

{6} The district court held a hearing on Defendant's motion to dismiss on January 4, 2005. The State argued at the hearing that Judge Rich closed CR–2003–247 when he remanded the case to magistrate court for a preliminary hearing. Judge Foutz asked whether Judge Rich had entered an order closing the case, and the prosecutor acknowl-

edged that he had not. The prosecutor noted, however, that the case was recorded as closed by the district court clerk's office. Judge Foutz responded that this was just a matter of record keeping. The prosecutor then claimed that the district court clerk would not accept any filings in CR–2003–247 following Defendant's second waiver of his preliminary hearing. Thus, the prosecutor argued the old criminal information was null and void following the remand to magistrate court, and the State was required to file a new information.

{7} Judge Foutz was not persuaded and stated that the remand did not constitute a new triggering event under Rule 5–604. Instead, Judge Foutz agreed with defense counsel that Judge Rich's rejection of the plea on April 26, 2004, was the latest triggering event under Rule 5–604. Judge Foutz entered an order dismissing the case, along with findings of fact and conclusions of law, on January 20, 2005. The State's appeal from that order timely followed.

{8} On appeal, the State urges us to reverse the district court's order of dismissal for three reasons: (1) the correct triggering event under Rule 5–604 was the date of arraignment in CR–2004–241, not the rejection of the plea in CR–2003–247, (2) Defendant did not suffer prejudice as a result of the initiation of a new criminal proceeding, and (3) the State acted in good faith throughout both criminal prosecutions in attempting to bring Defendant to trial. As we explain more fully below, we find that CR–2003–247 was never closed and that the rejection of the plea in that matter was the correct triggering event under Rule 5–604. We therefore address that issue exclusively and do not reach the State's remaining points on appeal.

## DISCUSSION

{9} We have previously stated that "[t]he six-month rule is a bright-line rule, designed to assure prompt disposition of criminal cases." *State v. Lobato*, 2006–NMCA–051, ¶ 26, 139 N.M. 431, 134 P.3d 122 (internal quotation marks and citation omitted), *cert. denied*, 2006–NMCERT–005, 139 N.M. 567, 136 P.3d 568. Nevertheless, Courts must use the rule with common sense and not to effect technical dismissals. *State*

*v. Guzman*, 2004–NMCA–097, ¶ 9, 136 N.M. 253, 96 P.3d 1173. If a violation of Rule 5–604 occurs, the proper remedy is dismissal of the case with prejudice. Rule 5–604(F). However, violation of Rule 5–604 will only result in a dismissal if the defendant files a motion to dismiss. *Guzman*, 2004–NMCA–097, ¶ 9, 136 N.M. 253, 96 P.3d 1173. The standard of review for a district court's ruling on a motion to dismiss pursuant to Rule 5–604 is de novo. *Guzman*, 2004–NMCA–097, ¶ 10, 136 N.M. 253, 96 P.3d 1173.

{10} Rule 5–604(B) provides that the trial of a criminal case must begin within six months of the latest occurrence of certain enumerated triggering events. In the present case, the parties dispute which of these events applies. Defendant argues that the applicable triggering event was Judge Rich's rejection of the plea agreement in CR–2003–247 on April 26, 2004, making October 26, 2004, the six-month deadline for trial. *See* Rule 5–604(B)(8) (listing the date of the rejection of a plea as a triggering event). In contrast, the State argues that CR–2003–247 was closed following the remand to magistrate court; thus, the State asserts the correct triggering event was Defendant's arraignment in CR–2004–241, which took place on September 3, 2004. *See* Rule 5–604(B)(1) (listing the date of arraignment in district court as a triggering event).

{11} We disagree with the State's argument. First, the State cites no legal authority to support its position that the remand to magistrate court constituted a closure of CR–2003–247. To the contrary, we have previously stated that a remand to magistrate court for a preliminary hearing does not constitute a dismissal for purposes of appeal. *State v. Ahasteen*, 1998–NMCA–158, ¶¶ 15–16, 126 N.M. 238, 968 P.2d 328. *But see id.* ¶ 17 (holding that the district court's order for remand operated as a dismissal of the case because the State had already filed a nolle prosequi in magistrate court and that, as a result, the State's right to appeal was triggered). Second, there is no language in Judge Rich's order remanding the case suggesting that the case was also dismissed in the district court, nor did Judge Rich ever enter any other order closing the case.

Third, the State itself never filed a nolle prosequi or notice of dismissal, which would have closed the case. Fourth, even though the district court clerk may have refused to accept filings in CR–2003–247 following the order for remand, nothing prevented the State from filing pleadings directly with Judge Rich.) *See* Rule 5–103(F) NMRA (requiring pleadings and other papers to be filed with the clerk of the court, except where the judge permits papers to be filed with the judge directly). Similarly, and as a practical matter, the State could have simply approached Judge Rich to ask him to direct the court clerk to accept filings in the case. However, nothing in the record demonstrates what efforts, if any, the State made to challenge the court clerk's refusal to accept filings in CR–2003–247. We conclude as a matter of law that CR–2003–247 was not closed as a result of the order for remand.

{12} The cases cited by the State in its brief are consistent with our conclusion. In each of the following cases that discuss the applicability of Rule 5–604, the original case was properly closed and the prosecution refiled charges against the defendant. *See, e.g., State v. Foster,* 1999–NMSC–007, ¶¶ 56–58, 126 N.M. 646, 974 P.2d 140 (holding that the State could file a nolle prosequi and re-indict the defendant with additional charges so long as the State was not doing so to circumvent the six-month rule or for some other bad reason); *State v. McCrary,* 100 N.M. 671, 675, 675 P.2d 120, 124 (1984) (finding that the State had good cause to file nolle prosequis and subsequently charge the defendants with higher-degree offenses); *State ex rel. Delgado v. Stanley,* 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972) (holding that the State properly re-indicted the defendants after filing nolle prosequis because the State obtained new evidence against them and did not otherwise act in bad faith); *State v. Kerby,* 2001–NMCA–019, ¶ 15, 130 N.M. 454, 25 P.3d 904 (holding that the State met its burden of demonstrating that it did not dismiss and refile charges against the defendant in bad faith by showing that it was prepared for trial and was not responsible for the unavailability of a critical witness); *State v. Altherr,* 117 N.M. 403, 406–07, 872 P.2d 376, 379–80 (Ct.App.1994) (permitting the State to

refile identical charges against the defendant after filing a nolle prosequi because of special circumstances presented by the defendant's participation in a preprosecution diversion program). The remaining cases cited by the State discuss the operation of the six-month rule with respect to amended criminal complaints. *See, e.g., State v. Vigil,* 114 N.M. 431, 434, 839 P.2d 641, 644 (Ct.App.1992) (affirming district court's finding that the State acted in good faith when it amended the complaint by substituting the original charge with a new charge, which renewed the six-month period); *State v. Benally,* 99 N.M. 415, 419, 658 P.2d 1142, 1146 (Ct.App.1983) (holding that the amended complaint charged a new and different offense, thereby superseding the original complaint and renewing the six-month period).

{13} Ruling in favor of the State in this case would require us to ignore the fact that CR–2003–247 was never closed. This we are unwilling to do. Even if we were to assume that the State did not act in bad faith when it refiled the charges against Defendant, the State has provided us with no basis for holding that the six-month rule should have applied to CR–2004–241 while CR–2003–247 was still pending. Conversely, Defendant points out that the State had options available to it in order to avoid violating the six-month rule in CR–2003–247; the State could have sought an extension of time under Rule 5–604(D), or it could have filed a nolle prosequi before filing a new criminal information. Neither of these measures, nor the others mentioned above with respect to challenging the district court clerk's decision not to accept filings in CR–2003–247, would have placed a great burden on the State. To the contrary, any of these measures would have been preferable to the awkward course of action the State ultimately decided to take.

{14} The policy reasons for prohibiting the State from simultaneously prosecuting identical criminal cases against a single defendant are too obvious to recite. At a minimum, in the context of Rule 5–604, such a procedure creates confusion regarding which triggering events renew the six-month time limit. We therefore conclude that, for the six-month rule to apply to a new, identi-

cal case, the district judge must enter an order of dismissal, or the State must file a nolle prosequi, to properly close the original case. In so holding, we reiterate that, when the State chooses to invoke such a procedure, it must not do so in bad faith. *See State v. Bolton*, 1997–NMCA–007, ¶¶ 8–11, 122 N.M. 831, 932 P.2d 1075 (discussing the general rule that the State may dismiss and refile a case without violating Rule 5–604 so long as it does not do so for bad reasons). In the present case, we do not reach the question of whether the State acted in bad faith because, even if the State acted in good faith, its failure to close the original case is a fatal procedural defect. Furthermore, the State's claim that Defendant did not suffer prejudice as a result of the delay in this case is irrelevant in light of the well-established principle that the six-month rule "is a bright-line rule, designed to assure prompt disposition of criminal cases." *Lobato*, 2006–NMCA–051, ¶ 26, 139 N.M. 431, 134 P.3d 122 (internal quotation marks and citation omitted); *cf. State v. Manzanares*, 1996–NMSC–028, ¶ 6, 121 N.M. 798, 918 P.2d 714 ("Rule 5–604 . . . is not intended or designed as an implementation of the constitutional right to [a] speedy trial.").

**CONCLUSION**

{15} The district court's order dismissing the case for violation of Rule 5–604 is affirmed.

{16} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and CELIA FOY CASTILLO, Judges.