2008-NMCA-119

192 P.3d 789

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Crystal CANDELARIO, Defendant–
Appellant.**

**No. 27,299.**

Court of Appeals of New Mexico.

July 28, 2008.

Gary K. King, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellee.

Caren I. Friedman, Santa Fe, NM, for Appellant.

## OPINION

ALARID, Judge.

{1} In *State v. Rackley*, 2000–NMCA–027, 128 N.M. 761, 998 P.2d 1212, this Court held that the defendant's trial commenced for purposes of the district court six-month rule when the jury was selected. The present case raises the question of when a trial commences for purposes of the metropolitan court's counterpart to the six-month rule (the 182–day rule) when a defendant is tried by a judge rather than a jury. Applying the principles enunciated in *Rackley* and related six-month rule cases, we conclude that the 182–day rule was satisfied in this case, notwithstanding the fact that the opening statements and testimony were delayed because the judge agreed to consider a motion raised by

Defendant. Accordingly, we affirm Defendant's conviction.

## BACKGROUND

{2} Defendant was charged in metropolitan court on April 14, 2005, with aggravated driving-while-intoxicated (DWI) and running a stop sign. Pursuant to Rule 7–506 NMRA, the 182–day rule was triggered on April 28, 2005, when Defendant was arraigned. On June 9, 2005, the parties appeared for trial, and defense counsel was granted a continuance because he had not spoken with Defendant. Even though they were far from the expiration of the 182–day rule, the State requested an extension of the rule so that it would be "covered" in the event that the deadline was missed. Defense counsel agreed, and the metropolitan court reset the case for trial.

{3} On July 20, 2005, the parties again appeared for trial, with the court granting a defense request for a continuance and agreeing to the State's request for an extension of the 182–day rule. The case came up for trial again on August 5, 2005, but the State was not ready to proceed because the arresting officer was not available to testify. After two additional delays, trial was set for November 17, 2005. On that date, the State appeared with its witness, the arresting officer, and indicated that it was ready to proceed to trial. Defense counsel indicated that he, too, was ready for trial. However, he asked the court if it could delay calling the jury for trial so that the court could consider a motion challenging the validity of the stop. The judge informed defense counsel that Defendant was not entitled to a jury trial. Defense counsel responded by telling the court that, "instead of setting it for trial, judge, if you just want to have the motion—but since it is a judge trial I guess we could just do it." The court indicated that it would address the suppression motion first, and held a hearing in which a defense witness and the arresting officer then testified about the circumstances of the stop. The court then heard testimony on the motion and took it under advisement after requesting briefing, with no formal commencement of trial on that date.

{4} The case came back for trial on February 15, 2006. Defense counsel then argued that they might be over the 182–day limit, unless the November hearing could be considered part of the trial. The State noted that, with the extensions that had been granted, the 182–day rule would have expired about a month prior to the February setting. The metropolitan court judge reviewed the record of the November hearing, noting that it had focused on the pre-trial motion. Nevertheless, after some discussion of whether double jeopardy had attached at the November hearing, the court referred the parties to the fact that the motion to dismiss had been denied on January 27, 2006. In effect, the court declined to change the ruling denying dismissal, and Defendant was found guilty after a bench trial. The district court affirmed the metropolitan court, and this appeal followed.

## STANDARD OF REVIEW

{5} The district court sat in its appellate capacity and reviewed the case in a manner that we repeat herein. *See State v. Trujillo*, 1999–NMCA–003, ¶ 4, 126 N.M. 603, 973 P.2d 855 ("For on-record appeals the district court acts as a typical appellate court, with the district judge simply reviewing the record of the metropolitan court trial for legal error."). We review de novo the issue of whether the metropolitan court properly applied the 182–day rule. *See State v. Carreon*, 2006–NMCA–145, ¶ 5, 140 N.M. 779, 149 P.3d 95, *cert. quashed*, 142 N.M. 436, 166 P.3d 1090.

## DISCUSSION

{6} In metropolitan court, a "trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days [of a triggering event]." Rule 7–506(B). The rule is nearly identical to its district court counterpart, which refers to six months instead of 182 days. *See* Rule 5–604(B) NMRA. The purpose of these rules is to "assure the prompt trial and disposition of criminal cases." *State v. Guzman*, 2004–NMCA–097, ¶ 9, 136 N.M. 253, 96 P.3d 1173 (quoting *State v. Flores*, 99 N.M. 44, 46, 653 P.2d 875, 877 (1982)). Our application of the rules is distinguishable from constitutional speedy trial analysis. *See State v. Eskridge,*

1997–NMCA–106, ¶ 2, 124 N.M. 227, 947 P.2d 502.

**{7}** The time limits for bringing a defendant to trial under these rules are not jurisdictional, but mandatory, "upon a defendant's appropriate invocation of the right to a timely trial." *State v. Dominguez,* 2007–NMCA–132, ¶ 6, 142 N.M. 631, 168 P.3d 761. Despite the mandatory language in the rule, we avoid technical dismissals where the equities and a common sense approach advise against a dismissal. *See id.; see also State v. Lobato,* 2006–NMCA–051, ¶¶ 28–30, 139 N.M. 431, 134 P.3d 122 (balancing the literal meaning of the rule and the policy against technical dismissals where common sense and equity prevail over the technical application of the rule). The *Lobato* Court held that common sense will prevail over a technical violation of the time limits where "(1) the delay inures to the benefit of the defendant or (2) the defendant acquiesces in the delay or fails to raise the issue of the six-month rule in a timely manner." *Id.* ¶ 28.

**{8}** Defendant's arguments on appeal appears to us to rely on a technical reading of the rule, akin to the type of interpretation that we rejected in *Rackley.* In *Rackley,* the defendant claimed that the six-month rule had been violated because the jury had not been sworn in by the expiration date, although the petit jury had been selected by that date. 2000–NMCA–027, ¶ 2, 128 N.M. 761, 998 P.2d 1212. The defendant advocated that we apply the same test used for double jeopardy analysis—that the triggering moment is when the jury is sworn. *Id.; see generally State v. Saavedra,* 108 N.M. 38, 41, 766 P.2d 298, 301 (1988) (noting that double jeopardy attaches when the jury is sworn). Applying a common-sense approach, this Court rejected the double jeopardy template after noting that Rule 5–607 NMRA, "Order of trial," identifies the selection of the jury as the first stage of trial. *Rackley,* 2000–NMCA–027, ¶ 4, 128 N.M. 761, 998 P.2d 1212 (internal quotation marks omitted). The *Rackley* opinion is therefore critical here, because the adoption of a technical double jeopardy analysis would have required dismissal because the metropolitan court did not hear the State's evidence at the November

hearing. *See State v. Angel,* 2002–NMSC–025, ¶ 8, 132 N.M. 501, 51 P.3d 1155 (stating that, in a criminal bench trial, double jeopardy attaches when the court begins to hear evidence). Instead, by reaffirming the common-sense analysis that governs our review, *Rackley* instructs that we consider the specific facts of this case and the arguments being raised. *See* 2000–NMCA–027, ¶ 7, 128 N.M. 761, 998 P.2d 1212 (emphasizing that its holding is limited to the facts of that case).

**{9}** Here, there is no dispute that the parties were present and prepared to commence trial at the November proceedings. There is also no dispute that the trial did not take place on that date because the metropolitan court judge agreed to entertain Defendant's suppression motion, despite the fact that the State had not received prior notice of the motion. The court also observed that Defendant's motion involved a particularly complicated legal issue, and deferred a ruling to give it further consideration. Given the State's preparedness and the court's efforts to rule on Defendant's motion, and in the absence of any attempt to circumvent the rule, *id.* ¶ 7, we believe that dismissal would only result from an overly technical reading of the rule. *Cf. State v. Mendoza,* 108 N.M. 446, 449, 774 P.2d 440, 443 (1989) (cautioning that the six-month rule should not be used to effectuate technical dismissals). This is the same conclusion reached by the district court.

**{10}** Defendant's arguments on appeal to this Court do not persuade us that the district court got it wrong. Defendant's primary argument is based on the characterization of the November hearing—was it a pretrial hearing or was it part of the trial? Defendant claims that, even if a bench trial commences with opening arguments, as the district court determined, the November hearing could not be characterized as a trial because no opening statements were made. As we stated above, we are not bound by the more stringent rules that govern double jeopardy, which make the reception of evidence the triggering event in a bench trial. Instead, we must balance the bright-line purpose of the rule with a common-sense application. *See State v. Lucero,* 2007–NMCA–

096, ¶ 9, 142 N.M. 315, 164 P.3d 1014 (observing that the bright-line application of the six-month rule is tempered by a common-sense application). Here, the State appeared on the November trial date with its witness prepared to commence trial, and Defendant was prepared as well. In the absence of further delay caused by the State or the court for reasons unrelated to Defendant's actions, we believe that the purpose of the rule was satisfied on that date, and the issue would only reemerge if there is "[p]rolonged, unjustified delay or conduct suggestive of an attempt to circumvent [the rule]." *Rackley*, 2000–NMCA–027, ¶ 7, 128 N.M. 761, 998 P.2d 1212

{11} Defendant claims that dismissal is appropriate because the State conceded on appeal to the district court that the trial commenced outside the time limit and agreed that dismissal was the appropriate remedy. As the district court observed, appellate courts are not bound by this type of concession. *See State v. Martinez*, 1999–NMSC–018, ¶ 26, 127 N.M. 207, 979 P.2d 718 ("[A]ppellate courts in New Mexico are not bound by the [a]ttorney [g]eneral's concession of an issue in a criminal appeal."). Defendant also argues that it was not her fault that the court did not rule on the motion at the November hearing, nor that the State failed to try her prior to the rule's deadline at the end of January 2006. *Cf. County of Los Alamos v. Beckman*, 120 N.M. 596, 599, 904 P.2d 45, 48 (Ct.App.1995) (noting that an accused has no duty to bring on his or her own trial). Defendant argues that, like the situation in *Beckman*, where this Court affirmed dismissal based on a six-month rule violation, Defendant had informed the metropolitan court at the November hearing of the amount of time that had run on the rule. *Id.* Although we note that in *Beckman*, the court had been informed of the specific expiration date, *id.*, we do not believe that *Beckman* helps Defendant here. Unlike the facts in *Beckman*, the State, Defendant, and the court in the present case were prepared to commence trial at the November proceedings. While we have some concern that Defendant's new trial setting was pushed beyond the 182–day deadline, we do not believe that the record bears out any attempt to circumvent the rule, and

dismissal would be an overly technical response to the unique circumstances of this case.

## CONCLUSION

{12} For the reasons set forth above, we conclude that the metropolitan court properly denied Defendant's motion to dismiss. Accordingly, we affirm Defendant's conviction.

{13} **IT IS SO ORDERED.**

WE CONCUR: IRA ROBINSON and MICHAEL E. VIGIL, Judges.