# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                  **No. 29,256**

**CARLOS CASTILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals the revocation of his probation. In particular, he contends that the petition to revoke should have been dismissed because the District Attorney did not file it within five days of receiving the report of a violation. Rule 5-805(F) NMRA. The district court refused to dismiss stating that Defendant was not prejudiced. [RP 158] In our notice, we proposed to affirm. Defendant has timely

responded. We have considered his arguments and finding them unpersuasive, we affirm.

In our notice, we pointed out that the rule does not require dismissal for this violation. *Cf.* Rule 5-805(L) (providing for dismissal if the adjudicatory hearing is not held within the time prescribed by the rule). Defendant makes two arguments in response.

First, citing federal authority, he argues that the District Attorney violated her obligation to use reasonable diligence in revoking his probation. This reasonable diligence standard is not rule based. Rather, it developed from notions of due process. *See State v. Murray*, 81 N.M. 445, 449, 468 P.2d 416, 420 (explaining delay in bringing probation violations as implicating due process). As Defendant did not argue below that due process required dismissal of the revocation petition, we do not consider the arguments made in the memorandum in opposition. *See State v. Joanna V.*, 2003-NMCA-100, ¶ 7, 134 N.M. 232, 75 P.3d 832 (describing the preservation rule and applying it to due process claims).

Second, Defendant argues that the District Attorney has an ethical obligation to follow the rules. [MIO 7-9] We agree that the rules were promulgated to promote efficient administration of probation revocations. We also agree that all attorneys have an obligation to follow court rules. However, we know of no authority and

Defendant has cited us none that requires dismissal of proceedings in every case where time deadlines set by a rule are not followed by counsel. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (pointing out that where the parties do not cite authority for their argument, we assume that there is none).

The question here is whether violation of Rule 5-805(F) requires dismissal of the petition to revoke probation. There is no question that the rule was violated here. However, the rule does not state a remedy for violation of the particular time limit at issue here. We have often said that where a time limit is mandatory, but not jurisdictional, the proper analysis for dismissal is whether the delay prejudiced the defendant. *See State v. Budau*, 86 N.M. 21, 23, 518 P.2d 1225, 1227 (Ct. App. 1973) (applying prejudice analysis to delay in arraignment under Rule 5-604(A) NMRA); *cf. N.M. Dep't of Health v. Compton*, 2000-NMCA-078, ¶¶ 9, 12, 129 N.M. 474, 10 P.3d 153 (discussing statutory deadline for petitions for involuntary commitment and to appoint treatment guardians). There is no indication that the time limits in Rule 5-805(F) are jurisdictional and Defendant does not argue that they are. *See State v. Candelario*, 2008-NMCA-119, ¶ 7, 144 N.M. 794, 192 P.3d 789 (pointing out that time limits in Rule 5-604 are not jurisdictional). Thus, dismissal was required only if Defendant was prejudiced by the delay.

3

The district court found that Defendant had suffered no prejudice from the late filing of the petition to revoke probation.  [RP 158]  Defendant does not attack that finding.  He simply argues that the eight-month delay was so unreasonable as to preclude him from having to show prejudice.  We recognize that under the case law prior to enactment of the rule, unreasonable delay would waive a probation violation without a showing of prejudice.  However, when determining an appropriate remedy for violation of a rule, we look for more prejudice than a delay.  As Defendant has shown none, dismissal was not an appropriate remedy.

Therefore, for the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Judge**


_____

**LINDA M. VANZI, Judge**