This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38455**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JOSEPH JACKSON,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel J. Gallegos, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
John Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's affirmance of his conviction for driving while under the influence and a seat belt violation, following a jury trial in metropolitan court. In this Court's notice of proposed disposition, we proposed to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant continues to assert on appeal, as he did in his on-record appeal to the district court, that his case should be dismissed for failure to commence trial within the Rule 7-506(B) NMRA time limit because Defendant did not personally assert his

intention to waive this Rule's time limitations. [MIO] Our notice of proposed disposition proposed was to affirm, as the district court issued a thorough, well-reasoned memorandum opinion, presenting the facts and arguments of the case and the district court's analysis in response thereto. [CN 2] We proposed to agree with the district court in its factual presentation, analysis, and conclusion, and proposed to adopt the district court's memorandum opinion for purposes of this appeal. [CN 2]

**{3}** In his memorandum in opposition (MIO), Defendant continues to liken waiver of the Rule's time limitations to waiver of the constitutional right to speedy trial, thereby arguing that Rule 7-506 confers a personal right on defendants that may not be waived on their behalf by counsel. [MIO 3-4] As such, Defendant argues that it was error for this Court to propose to affirm the district court's determination that Defendant failed to preserve the issue of his waiver's validity for appeal. [MIO 5] We remain unpersuaded that Defendant has demonstrated error in this respect as Defendant's arguments are contrary to established law in New Mexico. *See State v. Hoffman*, 1992-NMCA-098, ¶¶ 1, 6-7, 114 N.M. 445, 839 P.2d 1333 (holding that the purpose of Rule 7-506(B) is to "encourage the prompt and orderly disposition of cases, not to effectuate dismissal" and, consistent with this purpose, requiring a defendant to raise the issue of whether or not this Rule was violated in the metropolitan court to preserve it for review on appeal to the district court); *see also State v. Candelario*, 2008-NMCA-119, ¶ 6, 144 N.M. 794, 192 P.3d 789 (explaining that the administrative purpose of Rule 7-506(B) distinguishes its application from the constitutional speedy trial analysis).

**{4}** Moreover, we have previously held that a defendant may waive through counsel the application of Rule 6-506(B) NMRA, the six-month rule for magistrate courts. *State v. Dorais*, 2016-NMCA-049, ¶ 19, 370 P.3d 771 ("[The d]efendant, through counsel, waived the application of [Rule 6-506.]"). The language of Rule 6-506(C)(1) pertaining to waiver of the time limits is identical to that of Rule 7-506(C)(1). Further, we have previously concluded that a defendant's statutory right to be brought to trial within a specified time, as opposed to a defendant's right to a speedy trial, may be waived by defense counsel on behalf of a defendant. *See State v. O'Neal*, 2009-NMCA-020, ¶¶ 11, 22, 145 N.M. 604, 203 P.3d 135 (concluding that a defendant's waiver of the six month rule formerly applicable to district courts was "effective even though it was signed only by [the d]efendant's counsel" and indicating that such a waiver may be effectuated in some circumstances even in the absence of a defendant's express consent). As such, we are unpersuaded that Defendant's appeal raises a novel issue appropriate for resolution only on the general calendar. [MIO 6]

**{5}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**