This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39386**

**CITY OF SANTA FE,**

Plaintiff-Appellee,

v.

**JEFFREY HUISINGA a/k/a
JEFFREY MICHAEL HUISINGA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Mary Marlowe Sommer, District Judge**

City Santa Fe
Kyle Hibner, Assistant City Attorney
Santa Fe, NM

for Appellee

Dan Cron Law Firm, P.C.
Dan Cron
Santa Fe, NM

Kitren Fischer Law, LLC
Kitren Fischer
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Jeffrey Huisinga entered a conditional guilty plea to one count of driving under the influence of intoxicating liquor, contrary to Santa Fe, New Mexico, Code of Ordinances, ch. XXIV, art. VI, § 12-6-12.1(A) (2022), in municipal court.

Defendant appeals the district court's affirmance of the municipal court's denial of his motion to dismiss for violation of the municipal court six-month rule, Rule 8-506(B) NMRA. Rule 8-506(B) requires a defendant be tried within 182 days of the latest of several possible triggering events. Rule 8-506(A). Defendant contends that (1) the municipal court lost jurisdiction over his case when the six-month rule expired, and therefore the district court could not enter findings granting an extension to continue his trial; and (2) the district court failed to apply the rule of lenity when interpreting the Supreme Court Order No. 20-8500-013 (April 16, 2020) (Supreme Court Order 013), available at https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-013-Updating-and-Consolidating-Precautionary-Measures-for-Court-Operations-in-NM-Judiciary-4-16-20.pdf (last visited July 18, 2022), when calculating the six-month rule deadline. We hold that the district court properly calculated Defendant's six-month rule deadline and correctly interpreted Supreme Court Order 013. We therefore affirm.

## BACKGROUND

**{2}** On November 22, 2019, Defendant entered a plea of not guilty in municipal court to one charge of aggravated driving while under the influence of intoxicating liquor, and when lamp lights are required. Although the City of Santa Fe (the City) acknowledged the six-month rule would expire on May 22, 2020, the municipal court did not schedule a trial prior to May 22, 2020.

**{3}** On June 15, 2020, Defendant moved to dismiss the charges for violation of the six-month rule contending (1) the six-month rule expired on or about May 22, 2020, and (2) in order to exclude any period of delay caused by the current health emergency under Supreme Court Order 013, the court was required to "enter specific findings of fact demonstrating that the period of delay was caused by the current public health emergency," and to do so before the expiration of the six-month rule. The following day, June 16, 2020, the municipal court entered a notice for a July 13, 2020, trial setting.

**{4}** The municipal court denied the motion to dismiss, finding that (1) "[t]here is currently a public health emergency caused by C[OVID]-19"; (2) "[t]he [m]unicipal [c]ourt did not allow trials, or evidentiary hearings for approximately three months, from the middle of March 2020 until the middle of June 2020"; (3) "the delay in this case is caused by the public health emergency"; and under the terms of Supreme Court Order 013, the court would exclude the three months of delay when calculating the six-month rule deadline. *See* Supreme Court Order 013 at 2-3; Supreme Court Order No. 20-8500-025 (July 6, 2020), at Precautionary Measures Attachment 12, available at https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-025-Order-Adopting-PHE-Protocols-for-Safe-and-Effective-Operation-of-NM-Courts-7-6-20-with-PHE-Protocols-Attached-1.pdf (last visited July 18, 2022).

**{5}** Defendant entered a conditional plea, reserving the right to appeal the denial of his motion to dismiss to the district court. At the district court, Defendant renewed the same arguments: (1) the six-month rule expired May, 22, 2020, and the municipal court lost jurisdiction over the case after that date; and (2) the court was required to enter

specific findings of fact that the delay was caused by the public health emergency before the six-month rule expired. Defendant additionally argued that Supreme Court Order 013 was ambiguous as to when the findings that the delay was caused by a public health emergency were required to be made, and therefore, the district court should apply the rule of lenity interpreting Supreme Court Order 013 in Defendant's favor. At the hearing on Defendant's motion to dismiss, a staff attorney for the municipal court testified that no trials took place from March 18, 2020, until June 22, 2020; trials took place from June 22, 2020, to July 28, 2020; no trials took place from July 28, 2020, to August 11, 2020; and that although the court was open briefly after August 11, 2020, the court did not restart trials until September 11, 2020.

**{6}** The district court ruled that Supreme Court Order 013 allowed a court to grant an extension of time under Rule 8-506(C), and allowed a court to grant that extension after the conclusion of the six-month rule deadline, so long as the delay was caused by the current public health emergency. The district court found that the public health emergency prevented trials from occurring from mid-March to at least June 22, 2020, and that the public health emergency was the cause of the delay in Defendant's trial, and on this basis, denied Defendant's motion to dismiss. This appeal followed.

## DISCUSSION

**{7}** Defendant maintains on appeal that, although Supreme Court Order 013 applies to his case, Supreme Court Order 013 does not allow a court to toll time limits after the expiration of the time limit in question, but instead requires that findings granting an extension occur prior to the expiration of the six-month rule deadline. Defendant contends that because the municipal court lost jurisdiction on May 22, 2020, when the six-month rule expired, it could not enter subsequent findings to extend the six-month rule deadline. Defendant also argues that there is insurmountable ambiguity in interpreting the language of Supreme Court Order 013, and therefore the rule of lenity should apply in favor of Defendant's position. We disagree, and explain.

**{8}** The standard consistently applied to appeals of motions to dismiss for six-month rule violations originating in inferior courts is de novo. *See, e.g.*, *State v. Dorais*, 2016-NMCA-049, ¶ 18, 370 P.3d 771 ("On appeal, we review the district court's analysis of the [six-month] rule de novo."). We interpret rules of procedure, including our Supreme Court's rules de novo. *See State v. Cabral*, 2021-NMCA-051, ¶ 25, 497 P.3d 670.

**{9}** Rule 8-506(B), and similar rules for other inferior courts, require that a trial of a criminal citation or complaint occur within 182 days of the latest of a list of possible triggering events. *See, e.g.*, Rule 7-506(B) NMRA (stating that a trial of a criminal defendant in metropolitan court must commence within 182 days of a list of triggering events); Rule 6-506(B) NMRA (same for magistrate court). Although described as a "bright-line rule," our case law cautions that six-month rules should be interpreted and applied "with common sense to avoid effecting a hypertechnical dismissal." *State v. Dominguez*, 2007-NMCA-132, ¶ 6, 142 N.M. 631, 168 P.3d 761.

**{10}** When calculating six-month rule deadlines, the COVID-19 pandemic continues to present our courts with extraordinary challenges in protecting the rights of all New Mexicans while minimizing the risks posed by the public health emergency for anyone who must visit or work in our courts. *See* Supreme Court Order 013; *see also State v. Alejandro M.*, 2021-NMCA-013, ¶ 8, 485 P.3d 787 (recognizing COVID-19 as a public health crisis of an extraordinary magnitude). The Supreme Court instructed courts to exclude periods of delay resulting from the public health emergency when calculating six-month rule deadlines. Supreme Court Order 013 at 2-3 states in relevant part:

> IT IS FURTHER ORDERED that the calculation of any deadlines in Rules 5-604, 6-506, 7-506, 8-506, and LR2-308 NMRA for all cases pending or filed on or after the date of this order *shall not* include any period of time-delay caused by the current public health emergency. But to exclude a period of time from calculation of deadlines under the terms of this order, a judge must enter specific findings of fact demonstrating that the period of delay was caused by the current public health emergency.

(Emphasis added.)

**{11}** Applying Rule 8-506 and Supreme Court Order 013 to the facts of this case, the triggering event of the six-month rule began on Defendant's November 19, 2019 arraignment. *See* Rule 8-506(B)(1). As such, the original expiration of the six-month rule would have occurred on May, 22, 2020. *See* Rule 8-506(B); Rule 8-104(A)(1) NMRA (rule for computing time for deadlines when the period is stated in days and is eleven days or more). But the district court found and the record supports that the municipal court did not hold trials from March 18, 2020 through June 22, 2020, due to the public health emergency. Because of the public health emergency, the district court properly excluded this period of time when calculating the six-month rule deadline under the plain language of Supreme Court Order 013. When Defendant moved to dismiss on June 15, 2020, the six-month rule had yet to expire and the municipal court trial setting on July 13, 2020, fell within the six-month rule deadline, when calculated by excluding the three-month period municipal court did not hold trials.  *See* Rule 8-104(A)(1); Supreme Court Order 013. Consequently, the district court's denial of Defendant's motion is not properly characterized as an extension of time. *See* Supreme Court Order 013 at 2-3. We, therefore, affirm the district court's order denying Defendant's motion to dismiss.

**{12}** Defendant contends the municipal court's failure to enter a specific finding of fact that the delay was caused by the current public health emergency before expiration of the six-month rule results in an "indefinite jurisdiction to extend time limits." After excluding the period of delay caused by the public health emergency, however, the six-month rule deadline was no longer May 22, 2020, but was instead August 31, 2020. *See* Rule 6-104(A)(1) NMRA; Supreme Court Order 013 at 2-3. Although we agree with Defendant that he should have been notified of the new expiration date in the district court order denying the motion, the district court did not abuse its discretion by failing to

do so. When the district court denied Defendant's motion, Defendant had already entered a conditional plea and eliminated the need for such notice.

**{13}** Additionally, the six-month rule is not jurisdictional, and an inferior court does not lose jurisdiction because the time limit to bring a defendant to trial has expired. *State v. Candelario*, 2008-NMCA-119, ¶ 7, 144 N.M. 794, 192 P.3d 789 ("The time limits for bringing a defendant to trial under [the six-month] rule[] are not jurisdictional."). It is a defendant's assertion of their right under a six-month rule and not the rule itself that begins a court's analysis. *See id.* (describing the application of the six-month rule as mandatory "upon a defendant's appropriate invocation of the right to a timely trial" (internal quotation marks and citation omitted)); *see also State v. Smallwood*, 2007-NMSC-005, ¶ 22, 141 N.M. 178, 152 P.3d 821 (stating that in order to trigger a dismissal under a six-month rule, "a defendant must file a motion to dismiss"). A court must necessarily make findings after the deadline under the six-month rule, whether granting or denying a defendant's motion to dismiss. Rule 8-506 reflects this and nothing within the rule requires a trial court to enter findings before such a motion is filed. *See* Rule 8-506(E)(1) ("The court may deny an untimely petition for extension of time or may grant it and impose other sanctions or remedial measures, as the court may deem appropriate in the circumstances."). Finally, we have previously reviewed a district court's findings under similar circumstances. *See State v. Fernandez*, 1994-NMCA-056, ¶ 28, 117 N.M. 673, 875 P.2d 1104 (affirming the district court's denial of a motion to dismiss under a previous version of the six-month rule after a hearing on the motion held 232 days from the initial triggering event). Therefore, we hold that the district court properly applied Rule 8-506 and Supreme Court Order 013 to the facts of the case at hand when denying Defendant's motion to dismiss.

**{14}** Finally, we disagree that the rule of lenity applies to our analysis. The rule of lenity applies when there is insurmountable ambiguity in the intended scope of a criminal rule or statute. *See State v. Olsson*, 2014-NMSC-012, ¶ 43, 324 P.3d 1230. But both Rule 8-506 and Supreme Court Order 013 are clear in their language and application. Therefore, there is no insurmountable ambiguity required for the rule of lenity to apply.

**CONCLUSION**

**{15}** For the following reasons, we affirm.

**{16}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**