**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2009-NMCA-020

Filing Date:  December 18, 2008

Docket No.  27,751


STATE OF NEW MEXICO,

　　　Plaintiff-Appellee,

v.

RICHARD C. O'NEAL,

　　　Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY
Stephen K. Quinn, District Judge

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant

**OPINION**

**SUTIN, Chief Judge.**

{1}　　Defendant Richard O'Neal appeals the district court's denial of his pretrial motion to dismiss for violation of his constitutional right to a speedy trial.  We address (1) whether Defendant waived that constitutional right and (2) whether the right was violated.  We hold that Defendant did not waive his constitutional right to a speedy trial but that the right was not violated.  Accordingly, we affirm the district court's order denying Defendant's motion to dismiss for violation of his right to a speedy trial.

1

**BACKGROUND**

**{2}** Defendant was arrested for driving while intoxicated (DWI) on July 16, 2003. On July 17, 2003, a criminal complaint charging aggravated DWI was filed against him in magistrate court. The same day, Defendant posted a $1700 surety bond, was released subject to conditions, and was ordered to appear on July 21, 2003. The conditions of Defendant's release included, among other things, his agreement not to leave the State of New Mexico without prior permission of the court. On or about July 23, 2003, Defendant was notified that a pretrial conference was set for September 3, 2003. An amended criminal complaint was filed in the magistrate court case on July 30, 2003, charging Defendant with aggravated DWI fourth or subsequent offense based on prior DWI convictions. The aggravated DWI charge was a fourth degree felony.

**{3}** On July 31, 2003, Defendant filed an unopposed motion asking the magistrate court to continue the September 3 pretrial conference, and on August 4, 2003, the magistrate court vacated the pretrial conference. On September 10, 2003, the magistrate court bound Defendant over for trial in district court, and the State filed its criminal information in district court on September 15, 2003, charging Defendant with a fourth degree felony aggravated DWI. On October 7, 2003, the district court set Defendant's arraignment for October 21, 2003. Defendant filed a waiver of arraignment on October 21, 2003, and on October 24, 2003, the district court scheduled a pretrial conference for February 9, 2004, and a jury trial for March 12, 2004. Defendant filed a motion to suppress and an amended motion to suppress on February 3 and 9, 2004, respectively, and on February 26, 2004, the district court scheduled the hearing on Defendant's motion to suppress for April 9, 2004, which caused the March 12, 2004, trial to be vacated as noted in the court's notice of hearing.

**{4}** Defendant filed a motion to continue the April 9, 2004, hearing on April 2, 2004. This motion stated, "Undersigned counsel does not object and does hereby agree to a waiver of any time limitation period and/or an extension thereof[] [f]rom the New Mexico Supreme Court." The court granted this motion on April 7, 2004. On May 12, 2004, the court rescheduled the hearing on Defendant's motion to suppress for July 6, 2004, and also set the case for jury trial on September 2, 2004. The court heard the motion to suppress as scheduled and filed an order denying the motion on July 15, 2004.

**{5}** On August 30, 2004, Defendant filed a motion to continue the September 2, 2004, trial in order to retain substitute counsel, and substitute counsel entered his appearance the next day. On September 1, 2004, the court entered a stipulated order for continuance of the September 2 trial date. New notices for a pretrial conference for February 14, 2005, and a jury trial on March 15, 2005, were entered on September 20, 2004. The pretrial conference was eventually moved to February 17, 2005, and was held on that date, but the jury trial set for March 15, 2005, was continued due to inclement weather.

2

**{6}** The jury trial was rescheduled for August 25, 2005, but the court declared a mistrial after jury selection but before the jury was sworn. Defendant filed a motion to reconsider the order of mistrial on September 30, 2005, the State responded on October 6, 2005, and a hearing was held on November 10, 2005. The motion was denied on December 8, 2005, and on February 27, 2006, the court set the case for jury trial on August 15, 2006.

**{7}** Throughout these proceedings, the State filed for and the Supreme Court granted four six-month extensions at various intervals. *See* Rule 5-604(D) NMRA. The first three Supreme Court orders extended deadlines through October 18, 2004, April 16, 2005, and October 13, 2005. After the district court on September 1, 2005, granted a new six-month-time limit following the mistrial on that date, *see* Rule 5-604(C), the Supreme Court again, on March 3, 2006, granted a six-month extension through August 25, 2006. In addition to his initial waiver, it appears that Defendant either agreed to or did not object to each of the six-month extensions, with the exception of the last one.

**{8}** Defendant filed a motion to dismiss for violation of his constitutional right to a speedy trial on July 24, 2006, and on August 2, 2006, he requested a hearing on the motion. In a hearing held on August 15, 2006, the date which had been set for trial, the court heard Defendant's motion to dismiss and Defendant's plea to the charge against him. The district court found the delay in bringing the case to trial to be presumptively prejudicial thereby triggering a weighing of the factors in *Barker v. Wingo*, 407 U.S. 514 (1972). During this analysis, the district court addressed the waiver of time limits that was contained in Defendant's April 2, 2004, motion for continuance. The motion for continuance was signed by Defendant's first attorney, but not by Defendant. The court stated that it considered this to be an express waiver of Defendant's speedy trial right, that an attorney speaks for his client, and that, but for the waiver, the court would grant the motion to dismiss. Thus, the court denied Defendant's motion to dismiss for a speedy trial violation, and Defendant entered a conditional plea.

**{9}** Defendant contends on appeal that the district court erred in denying his motion to dismiss for violation of his right to a speedy trial. He asserts that he did not waive his constitutional right to a speedy trial and that, absent a waiver, the district court would have found a violation of that right.

**DISCUSSION**

**I.    Waiver**

**{10}** In the district court, Defendant argued that his waiver was not sufficient because there was no affirmative waiver by him in the record.

**{11}** A defendant may waive fundamental constitutional rights. *See State v. Pacheco*, 2007-NMSC-009, ¶ 10, 141 N.M. 340, 155 P.3d 745 ("Fundamental rights, such as the right to trial by a fair and impartial jury, may be waived or lost."); *State v. Herrera*, 2004-NMCA-

3

015, ¶ 8, 135 N.M. 79, 84 P.3d 696 (recognizing that "a defendant can waive fundamental rights, including constitutional rights"). This includes the right to a speedy trial. *See Raburn v. Nash*, 78 N.M. 385, 387, 431 P.2d 874, 876 (1967) (stating that the constitutional right to a speedy trial is a personal privilege that may be waived). A defendant may also waive statutory rights. *Baird v. State*, 90 N.M. 667, 670, 568 P.2d 193, 196 (1977); *Raburn*, 78 N.M. at 387, 431 P.2d at 876. This includes waiver of the requirements of Rule 5-604. *State v. Guzman*, 2004-NMCA-097, ¶ 13, 136 N.M. 253, 96 P.3d 1173.

**{12}** "Waiver is an intentional abandonment of a known right, and the burden of proof to establish waiver falls upon the [prosecution]." *County of Los Alamos v. Beckman*, 120 N.M. 596, 599, 904 P.2d 45, 48 (Ct. App. 1995). Here, the question is one of law, which we review de novo. *See State v. Padilla*, 2002-NMSC-016, ¶ 18, 132 N.M. 247, 46 P.3d 1247 ("Whether a defendant made a valid knowing, intelligent, and voluntary waiver of his constitutional rights is a question of law which we review de novo." (internal quotation marks and citation omitted)); *County of Los Alamos*, 120 N.M. at 599, 904 P.2d at 48 (stating that the fact finder shall determine whether waiver occurred, but construction of whether written evidence qualifies as a proper waiver is a question of law).

**{13}** Our Supreme Court has recognized that the district court bears a weighty responsibility to ensure that a defendant's waiver of a constitutional right was knowingly and voluntarily made. *Padilla*, 2002-NMSC-016, ¶ 19. Neither Defendant's April 2, 2004, motion to continue nor the record in this case shows that the waiver of time limits was express or was a knowing, voluntary waiver of his constitutional right to a speedy trial. *See id.* ¶ 18. On its face, the waiver was intended to relate only to a six-month extension pursuant to Rule 5-604(D). Although an agreement to allow indeterminate six-month extensions might imply agreement to waive a constitutional right to a speedy trial, we are unwilling to accept that construction of the waiver in question. We hold that Defendant's agreement in his motion to continue, filed in April 2004, did not waive his constitutional right to a speedy trial. However, his waiver did open the door to consideration by the court of the agreed-to extensions, in its weighing of fault for delay under a *Barker* speedy trial analysis. We therefore turn to a *Barker* analysis.

## II. Speedy Trial

**{14}** "The [United States] Supreme Court has declared the [S]ixth [A]mendment right to a speedy trial to be a fundamental constitutional right that applies to states through the [F]ourteenth [A]mendment." *Zurla v. State*, 109 N.M. 640, 642, 789 P.2d 588, 590 (1990); *see* U.S. Const. amends. VI, XIV; *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967). *Barker* established a four-part balancing test for evaluating speedy trial claims as follows: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530; *see also State v. Urban*, 2004-NMSC-007, ¶ 11, 135 N.M. 279, 87 P.3d 1061 (stating that our Supreme Court evaluates the speedy trial issue based on the *Barker* factors). "In considering each of these factors, we defer to the trial court's factual findings but review de novo the question of whether Defendant's

4

constitutional right was violated." *State v. Brown*, 2003-NMCA-110, ¶ 11, 134 N.M. 356, 76 P.3d 1113. That is, weighing and balancing the *Barker* factors is a legal determination that we review de novo. *See Urban*, 2004-NMSC-007, ¶ 11.

**{15}** The dates of activity related to Defendant's speedy trial rights in this case are undisputed. Application of the law to those dates in order to perform an analysis of the *Barker* factors is where the parties differ. On appeal, a reviewing court is required to independently balance the *Barker* factors considered by the lower court. *Zurla*, 109 N.M. at 642, 789 P.2d at 590; *State v. Grissom*, 106 N.M. 555, 561, 746 P.2d 661, 667 (Ct. App. 1987). Whether a delay in bringing a case to trial amounts to an unconstitutional deprivation of this right depends on the particular circumstances of the case, and no one factor constitutes a necessary or a sufficient condition to find a violation of the right to a speedy trial. *See Zurla*, 109 N.M. at 642-43, 789 P.2d at 590-91.

**{16}** Before balancing the *Barker* factors, a court must find a threshold showing of presumptively prejudicial delay. *Salandre v. State*, 111 N.M. 422, 427-28, 806 P.2d 562, 567-68 (1991). This presumption is determined by considering the length of the delay, the complexity of the charges, and the nature of the evidence. *Id.* at 428, 806 P.2d at 568. A presumption of prejudice will be employed in simple cases after nine months, in cases of intermediate complexity after twelve months, and in complicated cases after fifteen months. *State v. Coffin*, 1999-NMSC-038, ¶ 56, 128 N.M. 192, 991 P.2d 477; *State v. Johnson*, 2007-NMCA-107, ¶ 7, 142 N.M. 377, 165 P.3d 1153. "We defer to the district court's finding on the question of complexity when it is supported by substantial evidence." *State v. Laney*, 2003-NMCA-144, ¶ 11, 134 N.M. 648, 81 P.3d 591. However, in the present case the district court did not make a finding on complexity. Absent specific findings by the district court on the issue of complexity, a reviewing court is free to make a determination. *See Coffin*, 1999-NMSC-038, ¶ 57; *Laney*, 2003-NMCA-144, ¶ 14. This Court has previously held that a sixteen-month delay was presumptively prejudicial in a complex conspiracy and racketeering case. *Grissom*, 106 N.M. at 561-62, 746 P.2d at 667-68; *see Zurla*, 109 N.M. at 642, 789 P.2d at 590 ("Given the sixteen-month period of time found presumptively prejudicial in *Grissom*, we weigh the seventeen-month delay in this simple shoplifting case somewhat heavily against the [prosecution]."); *see also Salandre*, 111 N.M. at 428 n.3, 806 P.2d at 568 n.3 (noting that in *Grissom* this Court held a sixteen-month delay presumptively prejudicial, but that "trial courts should treat delay of fifteen or more months in [complex] cases as requiring further inquiry"). Here, we have a case of simple to intermediate complexity involving relatively few witnesses. Defendant was relying primarily on three witnesses, one of whom was an expert witness regarding DWI. The State was relying primarily on testimony from two law enforcement officers and a witness from the State Scientific Laboratory Division. We agree with the district court that the delay of thirty-seven months in the present case is presumptively prejudicial. Indeed, a thirty-seven month delay is "presumptively extraordinary." *State v. Maddox*, 2008-NMSC-062, ¶¶ 12, 37, ___ N.M. ___, ___ P.3d ___ (determining a total delay of twenty-eight months to be "presumptively extraordinary"). A presumptively prejudicial delay shifts the burden of persuasion to the State "to demonstrate that, on balance, the defendant's speedy trial right

was not violated." *Zurla*, 109 N.M. at 646, 789 P.2d at 594.

**Length of the Delay**

**{17}** The fact that a delay is presumptively prejudicial "does not necessarily mean that . . . the length of delay[] will weigh against the State." *Coffin*, 1999-NMSC-038, ¶ 59; *see also Maddox*, 2008-NMSC-062, ¶¶ 12, 37 (holding that the prejudice stemming from an extraordinary delay of twenty-eight months was significantly tempered by the unique facts of the case which included the circumstances that much of the delay was attributable to the defendant, his weak assertions of the right to a speedy trial, and the absence of undue prejudice).

**{18}** In calculating the length of delay, the State argues that Defendant's speedy trial rights did not attach until the felony charges were filed in district court. We see no reason to decide whether the trigger was the date of Defendant's arrest, the date he was bound over for trial in district court, the date he was charged in district court, or the date he waived arraignment in the district court. The time the State wants to exclude is inconsequential for the purposes of the assessment we need to make as to the length of delay. *See State v. Hayes*, 2008-NMCA-___, ¶ 9, ___ N.M. ___, ___ P.3d ___ (No. 28,055, Nov. 5, 2008) (stating that the parties' disagreement as to the precise length of delay did not need to be addressed because, in either instance, it would have been deemed presumptively prejudicial).

**{19}** The mere circumstance of a significantly lengthy delay is insufficient in itself to establish a speedy trial violation and is to be balanced against the other factors. *See Barker*, 407 U.S. at 533. "[N]o one factor constitutes either a necessary or sufficient condition to finding a deprivation of the right to a speedy trial." *Zurla*, 109 N.M. at 642, 789 P.2d at 590. We therefore proceed to "balance the length of the delay against the remaining three factors to assess whether the constitution has been violated." *Laney*, 2003-NMCA-144, ¶ 11. "We balance the *Barker* factors in the context of the policy that supports the enforcement of the speedy trial right." *Maddox*, 2008-NMSC-062, ¶ 36.

**Reasons for the Delay**

**{20}** "The reasons for a period of the delay may either heighten or temper the prejudice to the defendant caused by the length of the delay. *Id.* ¶ 13. We allocate the reasons for the delay to each side and determine the weight attributable to each reason, with the knowledge that the State has the duty to make a good faith and diligent effort to bring a defendant to trial. *Laney*, 2003-NMCA-144, ¶ 17. The delay in this case in the district court began with Defendant's late-filed motion to suppress that caused the first trial date to be vacated and rescheduled. Defendant's counsel filed a motion to continue the suppression hearing due to a scheduling conflict. This motion contained the language about not objecting "to a waiver of any time limitation period . . . [f]rom the New Mexico Supreme Court." Following this continuance, the suppression hearing and trial were rescheduled. Defendant then filed a motion to continue the second trial date based on his change of counsel. This caused the

second trial date to be vacated and rescheduled. The third trial date was vacated because of inclement weather. The fourth trial date was vacated when the court declared a mistrial based in part on contact between a juror and Defendant. Defendant thereafter filed a motion to dismiss for violation of his constitutional right to a speedy trial. A hearing was held on August 15, 2006, the fifth trial date, the motion was denied, and Defendant entered a conditional plea.

**{21}**　From the continuance of the first trial through the continuance of the fourth, Supreme Court extensions of the six-month rule deadlines were obtained based on Defendant's waiver and, except for the last extension, with no objection by Defendant. Another extension that was ordered by the district court and that overlapped one six-month extension resulted from the mistrial. Although Defendant appears to have objected to the last Supreme Court-approved extension, we see no reason why his waiver did not also apply to that extension. Thus, a very substantial consumption of time resulted from the vacation of trial dates or trial continuances, none of which occurred through any fault attributable to the State. To be sure, the first two continuances were caused by Defendant and are to be weighed against Defendant. *See Grissom*, 106 N.M. at 562, 746 P.2d at 668 ("Delay arising from hearing [the] defendants' motions, not caused by the prosecution, is weighed against the defendant[s] in balancing the *Barker* factors."). The remainder of the continuances bear no fault attributable to the parties and exist as purely neutral circumstances, since those continuances became necessary because of inclement weather, and because of juror and perhaps Defendant misconduct. *See State v. Manes*, 112 N.M. 161, 168-69, 812 P.2d 1309, 1316-17 (Ct. App. 1991) (holding that delay due to missing witnesses is not to be weighed against the prosecution and that delay due to inclement weather is not to be weighed against either party).

**{22}**　How to evaluate the six-month rule extensions is more complex. We believe, however, that Defendant's waiver agreement and his ongoing consent or failure to object to six-month extensions weigh against Defendant in the speedy trial evaluation. *State v. McCrary*, 100 N.M. 671, 674, 675 P.2d 120, 123 (1984) (holding that the defendants' agreement to a six-month extension under then Rule of Criminal Procedure 37 precluded them from asserting their right to a speedy trial during the time of the extension); *cf. State v. Manzanares*, 1996-NMSC-028, ¶ 6, 121 N.M. 798, 918 P.2d 714 (stating that implementation of Rule 5-604, which is a case-management tool, "only incidentally may . . . turn on factors determinative of constitutional rights"). It is not just an acquiescence in delay. *See State v. Downey*, 2007-NMCA-046, ¶ 40, 141 N.M. 455, 157 P.3d 20 (stating that where both the defendant and the prosecutor agreed to an extension, the extension should not be weighed against the prosecution), *rev'd on other grounds*, 2008-NMSC-___, ___ N.M. ___, ___ P.3d ___ (No. 30,263, Oct. 16, 2008). Here, the agreement to a waiver was offered by Defendant as a reason why he should receive a continuance of a hearing on his motion to suppress. It appears to have been unsolicited. It was effective even though it was signed only by Defendant's counsel. *See New York v. Hill*, 528 U.S. 110, 114-15 (2000) (holding that defense counsel could effectively waive the defendant's statutory right to be brought to trial within a specified time, even without the express consent by the defendant).

Further, one might reasonably conclude that Defendant was either unconcerned about delay or expected to take advantage of the delay in which he had acquiesced.

**{23}** Some of the delay in the present case was also the result of the time it took the court to set new trial dates and the length of each continuance. The primary burden to assure that cases are brought to trial is upon both the courts and the prosecutors. *Barker*, 407 U.S. at 529; *Manzanares*, 1996-NMSC-028, ¶ 6 (indicating that following a six-month extension granted by the Supreme Court, the district court should "proceed expeditiously with trial"). In considering reasons for delay, overcrowded courts or excessive caseload is "a more neutral reason" that "should be weighted less heavily but nevertheless should be considered." *Barker*, 407 U.S. at 531; *Laney*, 2003-NMCA-144, ¶ 17 (indicating that delay attributable to excessive caseload is a form of negligent delay and is a "more neutral reason that weighs lightly against the [prosecution]"); *Zurla*, 109 N.M. at 643, 789 P.2d at 591 (stating that excessive caseload is to be weighed less heavily against the prosecution than intentional delay).

**{24}** In the present case, the parties did not develop in the district court, nor did the court explain, the reason for the length of time chosen for retrial each time a trial was vacated. Except for one discussion in August 2005 when the court declared a mistrial, nothing in the record reflects discussions about the court's docket. In that August 2005 discussion, the court stated that it would try to accommodate the parties, but its calendar was "horrendous." Defendant does not specifically argue that the court or the State breached a duty to bring Defendant to trial by failing to schedule trial more expeditiously. Under these circumstances, without more than is in the record before us, it appears that Defendant acquiesced in the rescheduling and that the court's docket was likely overcrowded. *Downey*, 2007-NMCA-046, ¶ 40 (stating that because there was no explanation of why the trial was scheduled to take place long after the initial extension, this Court assumed that the setting was the first available to the district court); *State v. Ortiz-Burciaga*, 1999-NMCA-146, ¶¶ 32, 34, 128 N.M. 382, 993 P.2d 96 (declining to attribute to either party the court's inability to schedule trial and weighing delay slightly in favor of the prosecution where delay was caused in part by "judicial procedure" and in part by the defendant). We therefore see no basis in the record for us to conclude anything but that scheduling delays, if weighed at all, are weighed only slightly against the State. Furthermore, we see nothing in the record that suggests that any action of the State was a reason for any scheduling delay. *See Town of Bernalillo v. Garcia*, 118 N.M. 610, 614, 884 P.2d 501, 505 (Ct. App. 1994) (concluding that the defendant could take little comfort from the cause of delay because nothing suggested that any delay was caused by any bad faith or negligence by the prosecution).

**Assertion of Right**

**{25}** "A defendant does not have a duty to bring himself to trial, and a speedy trial violation may be found even when the defendant has not asserted the right." *Zurla*, 109 N.M. at 644, 789 P.2d at 592; *see Barker*, 407 U.S. at 527-28. A defendant's silence does not itself qualify as a waiver of right, but a defendant has good reason, as well as a

8

responsibility, to assert a speedy trial claim. *See Barker*, 407 U.S. at 527-29. An early assertion of the right weighs in a defendant's favor because it "indicates the defendant's desire to have the charges resolved rather than gambling that the passage of time will operate to hinder prosecution." *Zurla*, 109 N.M. at 644, 789 P.2d at 592. And a late assertion of the right can be evaluated under *Barker*. *See Downey*, 2007-NMCA-046, ¶ 44 (stating that the defendant's assertion of the right eleven days before trial and thirty months after his arrest did not weigh in his favor); *Laney*, 2003-NMCA-144, ¶ 24 (holding that because the defendant did not assert his right until "the eleventh hour," the court found the factor to weigh only slightly in his favor); *State v. White*, 118 N.M. 225, 227, 880 P.2d 322, 324 (Ct. App. 1994) (stating that while the assertion of the right two days before trial was timely under *Barker*, it was not entitled to much weight). "We look to the sufficiency of a defendant's assertion as indicative of the extent to which the defendant has suffered the burdens that the speedy trial right was intended to minimize." *Maddox*, 2008-NMSC-062, ¶ 28.

**{26}**     Here, Defendant did not assert his speedy trial right until twenty-two days before the August 15, 2006, trial date, which was just over thirty-four months after charges were filed in district court. He then waited until thirteen days before August 15, 2006, to request a hearing on the motion. We hold that Defendant's assertion of his speedy trial right does not weigh in his favor.

**Prejudice to Defendant**

**{27}**     Prejudice should be evaluated in light of the interest of the defendant, which the right was designed to protect. *Barker* identified three such interests: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense would be impaired. 407 U.S. at 532; *Coffin*, 1999-NMSC-038, ¶ 68. The Court in *Barker* noted that the last interest is "the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." 407 U.S. at 532. A demonstration of a presumptively prejudicial delay carries less weight in relation to this fourth prong when supported by no evidence other than the length of the delay itself. *Salandre*, 111 N.M. at 429, 806 P.2d at 569. Our Supreme Court has held that although the State bears the ultimate burden of persuasion on the issue of prejudice, Defendant "bear[s] the burden of production on this issue, and his failure to do so greatly reduces the State's burden." *Maddox*, 2008-NMSC-062, ¶ 32 (alteration omitted) (internal quotation marks and citation omitted).

**{28}**     Defendant hardly argues actual prejudice. He argues that the State has not rebutted the presumption of prejudice based on the long delay and that the probability of prejudice thereby matured into actual prejudice. He also argues that the restriction of his liberty under the conditions of his release and his one-day incarceration caused anxiety or concern and was "an aspect of oppression," quoting *State v. Kilpatrick*, 104 N.M. 441, 445, 722 P.2d 692, 696 (Ct. App. 1986). These grounds are wholly insufficient for the prejudice factor to weigh to any degree in Defendant's favor. *White*, 118 N.M. at 227, 880 P.2d at 324 ("[The

9

d]efendant, having been released on bond, did not suffer oppressive pretrial incarceration."); *cf. Manes*, 112 N.M. at 169, 812 P.2d at 1317 (holding that there was no actual prejudice where the defendant's only claim of prejudice was attorney fees he had to pay due to numerous preliminary hearing continuances). He presents no factual detail to support his claims. *See Maddox*, 2008-NMSC-062, ¶ 34 ("As the Court of Appeals noted, Defendant fails to set forth any specific allegations of prejudice and has thus not met his burden of production on this point." (internal quotation marks and citation omitted)). Defendant presents no evidence of any significant oppressive pretrial incarceration, any anxiety and concern, or any impairment of his defense. Defendant does not show any adverse consequences resulting from the court-imposed pretrial restriction against out-of-state travel. *See State v. Marquez*, 2001-NMCA-062, ¶ 27, 130 N.M. 651, 29 P.3d 1052 (refusing to accept the defendant's argument that travel restrictions impacted his job opportunities). Nor are we convinced that, under the circumstances of Defendant's waiver and acquiescence, he was under travel restrictions for an unacceptably long period of time. *See id.* ¶ 29 (weighting the prejudice factor in the defendant's favor because "he lived under the restrictions for an unacceptably long period of time"). Furthermore, as in *Barker*, it is apparent that Defendant here did not want a speedy trial, a circumstance "[m]ore important than the absence of serious prejudice." 407 U.S. at 534. Also, as in *Barker*, "the record strongly suggests that while [Defendant] hoped to take advantage of the delay in which he had acquiesced, and thereby obtain a dismissal of the charges, he definitely did not want to be tried." *Id.* at 535.

**{29}** We hold that Defendant has not shown prejudice, much less undue prejudice. *See Coffin*, 1999-NMSC-038, ¶ 69 (stating that the focus of the the constitutional inquiry is undue prejudice); *Laney*, 2003-NMCA-144, ¶ 29 (same).

**Balancing of Factors**

**{30}** The time involved is long, but this is not a particularly close case. On balance, the factors do not weigh in Defendant's favor, but rather weigh against him. While the total delay of thirty-seven months is "presumptively extraordinary" and therefore presumptively prejudicial, *Maddox*, 2008-NMSC-062, ¶ 37, no cause of the delay is attributable to the State. Substantial delay is attributable to Defendant. Although there was unexplained delay in court scheduling, we weigh that only slightly against the State. Defendant waived and agreed to or acquiesced in most of the delay and waited entirely too long to assert his right. Defendant has demonstrated no actual prejudice to his constitutionally protected interests. Under a *Barker* evaluation, we hold that Defendant's right to a speedy trial was not violated.

**CONCLUSION**

**{31}** We hold that Defendant did not waive any right to a speedy trial. We further hold that an independent balancing of the *Barker* factors does not weigh to any measurable extent in Defendant's favor and that Defendant's right to a speedy trial was not violated. Therefore, we affirm the district court's denial of Defendant's motion to dismiss for violation of his

10

speedy trial right. *See Sam v. Estate of Sam*, 2006-NMSC-022, ¶ 11, 139 N.M. 474, 134 P.3d 761 ("An appellate court will affirm the district court if it is right for any reason and if affirmance is not unfair to the appellant." (alteration omitted) (internal quotation marks and citation omitted)).

{32}   **IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**

Topic Index for *State  v. O'Neal,* No. 27,751

**CA**　　　　**Criminal Procedure**
CA-SP　　　Speedy Trial
CA-WV　　 Waiver

**CT**　　　　**Constitutional Law**
CT-ST　　　Speedy Trial
CT-WR　　  Waiver of Rights