This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                          **NO. 32,839**

**RICHARD MOYA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellant

Bregman & Loman, P.C.
Eric Loman
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} The State appeals from the district court's dismissal based on a violation of Defendant's right to a speedy trial. This Court issued a calendar notice proposing to affirm the district court's order. The State has filed a memorandum in opposition and Defendant has filed a memorandum in support, both of which this Court has duly considered. We remain unpersuaded by the State's arguments and therefore affirm.

{2} The sole issue on appeal is whether the district court erred in finding that Defendant's right to a speedy trial had been violated. [DS 4] To determine whether a defendant's constitutional right to a speedy trial has been violated, we apply and balance the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972): (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of the right, and (4) the prejudice to the defendant. *State v. Plouse*, 2003-NMCA-048, ¶ 34, 133 N.M. 495, 64 P.3d 522. While we defer to the district court's factual findings, we review de novo the question of whether Defendant's constitutional right to a speedy trial was violated. *State v. Parrish*, 2011-NMCA-033, ¶ 10, 149 N.M. 506, 252 P.3d 730.

**Length of Delay**

{3} Our calendar notice stated that Defendant's right attached on April 15, 2011, the date that Defendant was arrested. However, because the district court's findings were based on the date that Defendant was indicted, July 15, 2011, we proceeded with that date as the starting date in our proposed disposition.

2

**{4}** While the State agrees that Defendant's right to a speedy trial attached on April 15, 2011, the State argues that Defendant waived his right to assert any delay prior to his arraignment on August 8, 2011. [MIO 4] The State claims that Defendant's motion to dismiss only complained of the delay since his arraignment, because the motion stated: "In this case, just over a year has gone by since Defendant's arraignment with no movement to trial." [MIO 4]

**{5}** In support of this argument, Defendant relies on *State v. O'Neal*, 2009-NMCA-020, ¶¶ 12-13, 145 N.M. 604, 203 P.3d 135, which provides that a defendant may waive his right to a speedy trial if the defendant waives his right knowingly and voluntarily. The State fails to show how it preserved this issue before the district court. *See State v. Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1 ("We require parties to assert the legal principle upon which their claims are based and to develop the facts in the trial court . . . to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and . . . to give the opposing party a fair opportunity to respond and show why the court should rule against the objector."). However, even if this issue had been preserved, we reject the State's argument that Defendant waived his right to a speedy trial up until his arraignment. Defendant's mere assertion that the State had not moved the case forward from the time of arraignment until the date of Defendant's motion to dismiss is not sufficient to show

3

that Defendant knowingly and voluntarily waived the time period prior to his arraignment, and it is the State's burden to prove that a defendant has made a valid waiver. *Id.* ¶ 12.

{6}     In addition to arguing that the district court should have used a later starting date to determine the length of delay, the State argues that the district court should have used an earlier end date. On August 9, 2012, Defendant filed a motion to dismiss arguing that his right to a speedy trial had been violated. [RP 71] Two hearings were held on Defendant's motion to dismiss. Judge Schwartz reserved ruling on the motion during the first hearing on September 21, 2012. [RP 88, 115] Judge Nakamura held a second hearing on Defendant's motion to dismiss on March 19, 2013, at which time she granted Defendant's motion to dismiss. [RP 112, 122]

{7}     The State claims that the last date for determining the length of delay should be the date of the first hearing on Defendant's motion to dismiss. [MIO 5] In support of this argument, the State relies on *Salandre v. State*, 1991-NMSC-016, 111 N.M. 422, 806 P.2d 562. In that case, our Supreme Court held that the eleven-month delay between the defendant's arrest and the hearing on his motion to dismiss was presumptively prejudicial. *Id.* ¶ 23. However, the issue that the State raises in this case—when is the last date for determining the length of delay in a speedy trial case—was not raised or decided in *Salandre*. Therefore, we conclude that the State's

4

reliance on *Salandre* is misplaced. *See State v. Cortez*, 2007-NMCA-054, ¶ 16, 141 N.M. 623, 159 P.3d 1108 ("Cases are not precedent for issues not raised and decided.").

{8}   New Mexico case law, including *Salandre*, support including the time that charges are pending against a defendant when calculating the length of delay. *See, e.g.*, *State v. Spearman*, 2012-NMSC-023, ¶¶ 10, 22, 24, 283 P.3d 272 (holding that the charges were dismissed after a delay of sixteen months and determining whether sixteen months was presumptively prejudicial to trigger an inquiry into the *Barker* factors); *Salandre*, 1991-NMSC-016, ¶¶ 6-10 (during the hearing on the defendant's motion to dismiss, the district court concluded that the defendant's right to a speedy trial had been violated and dismissed the charges against him); *Parrish*, 2011-NMCA-033, ¶¶ 17, 21, 27 (calculating the length of delay from the date of arrest until the date of the scheduled trial, at which time, the district court orally dismissed the charges against the defendant; also, excluding time when no charges were pending against the defendant).

{9}   In this case, the district court reserved ruling on Defendant's motion to dismiss during the first hearing. Therefore, the charges against Defendant were still pending and the same speedy trial considerations remained until the charges were dismissed.

**{10}** We conclude that Defendant's right to a speedy trial attached on April 15, 2011. The record reflects that the charges were dismissed at the second hearing on March 19, 2013, and a final order was entered on March 20, 2013. [RP 112] From the date of arrest to the dismissal of charges, approximately twenty-three months elapsed. If we proceed with the district court's calculation from the date of Defendant's indictment, July 15, 2012, to the date the charges were dismissed, approximately twenty months elapsed. In either case, the delay was well beyond the twelve-month threshold in simple cases and weighs heavily against the State.

**Reason for Delay**

**{11}** We proposed to conclude that the delay was the result of negligent or administrative delay and this factor also weighs against the State. The State agrees, but argues that this should only weigh "slightly" in Defendant's favor. In support of this argument, the State relies on *Parrish*, 2011-NMCA-033, ¶ 28, in which this Court held that the reason for delay only weighed slightly in Defendant's favor because the delay was the result of negligent or administrative delay.

**{12}** In *Parrish*, this Court stated that "[s]ince the only delay in this case was negligent, the extent that it ultimately weighs against the State depends upon the length of delay." *Id.* The delay in that case barely exceeded the minimum threshold by five days. *Id.* ¶ 22. In this case, the delay exceeded the minimum threshold by

approximately eight to eleven months, which is significant. Therefore, we weigh this factor heavily against the State.

**Assertion of the Right**

{13}     The district court found that Defendant did not assert his right to a speedy trial until he filed his motion to dismiss on August 9, 2012; however, the district court noted that none of the delay was attributable to Defendant. [RP 119] We proposed to weigh this factor slightly against the State because Defendant did not aggressively assert his right to a speedy trial, but he did not acquiesce in the delay. *See Spearman*, 2012-NMSC-023, ¶ 33. The State argues that this factor should not be weighed against it because Defendant did not assert his right to a speedy trial before he filed a motion to dismiss. [MIO 6-7]

{14}     "[T]he defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." *State v. Garza*, 2009-NMSC-038, ¶ 31, 146 N.M. 499, 212 P.3d 387 (internal quotation marks and citation omitted). "Generally, we assess the timing of the defendant's assertion and the manner in which the right was asserted." *Id.* ¶ 32. "Thus, we accord weight to the frequency and force of the defendant's objections to the delay." *Id.* (internal quotation marks and citation omitted).

7

{15} Defendant filed his motion to dismiss shortly after the twelve-month threshold to show that the delay was presumptively prejudicial—approximately sixteen months after he was arrested and approximately thirteen months after he was indicted. [RP 71] The record reflects that the State did not request a trial setting until August 14, 2012, when it filed its response to Defendant's motion to dismiss. [RP 81, 83] Therefore, there was no trial setting at the time that Defendant filed his motion to dismiss and Defendant had not agreed to any prior continuances. Because Defendant timely asserted his right, we weigh this factor slightly in Defendant's favor. *See State v. Maddox*, 2008-NMSC-062, ¶ 31, 145 N.M. 242, 195 P.3d 1254 (holding that the defendant did not timely assert his right to a speedy trial because he waited until five days before trial before filing his motion to dismiss), *abrogated on other grounds by Garza*, 2009-NMSC-038, ¶¶ 47-48; *State v. Laney*, 2003-NMCA-144, ¶¶ 23-24, 134 N.M. 648, 81 P.3d 591 (concluding that the defendant did not invoke a ruling on his speedy trial right until the day of trial and weighing this factor slightly in the defendant's favor).

**Prejudice**

{16} We proposed to conclude that Defendant did not show prejudice from undue pretrial incarceration or undue anxiety. However, we proposed to conclude that Defendant's ability to defend himself was impaired because, at the time of the second

hearing, Defendant was no longer able to locate a critical defense witness, Charles Montano.

**{17}** The State argues that the prejudice factor should not weigh in Defendant's favor because Defendant did not suffer oppressive pretrial incarceration [MIO 7], Defendant failed to offer evidence of undue anxiety or stress [MIO 7], and the district court's conclusion that the defense was impaired by the delay in bringing this case to trial because Montano was no longer available at the time of the second hearing was speculation and an abuse of discretion. [MIO 8]

**{18}** Weighing and balancing the *Barker* factors, including the prejudice factor, is a legal determination. *See O'Neal*, 2009-NMCA-020, ¶ 14. The defendant is required to make a particularized showing of prejudice. *See Garza*, 2009-NMSC-038, ¶¶ 35-37. Because we agree with the State that Defendant did not make a particularized showing of prejudice with respect to the impact of pretrial incarceration or the degree of anxiety that he suffered, we will focus our analysis on the third type of prejudice—the possibility that the defense was impaired by the delay. *Id.* ¶ 35. This is the "most serious" type of prejudice. *Id.* ¶ 36.

**{19}** "[I]f witnesses die or disappear during a delay, the prejudice is obvious." *Id.* (alteration in original) (internal quotation marks and citation omitted). "If the defendant asserts that the delay caused the unavailability of a witness and impaired

the defense, the defendant must state with particularity what exculpatory testimony would have been offered, and the defendant must also present evidence that the delay caused the witness's unavailability." *Id.* (alterations in original) internal quotation marks and citation omitted).

{20} In this case, the district court found, and neither party disputed, that Montano could still be located in May 2012, because he was in State custody. [RP 121] The parties also agreed that Montano could no longer be located on March 19, 2013. [RP 121] Defendant's prior motion seeking immunity for Montano stated that Montano was expected to testify that he was with Defendant the entire day in question, Defendant did not operate a motor vehicle on that day, and Montano drove Defendant to the location where police officers later found him. [RP 27] The State does not dispute that Montano's anticipated testimony was critical to Defendant's defense. [MIO 7-9] Given the nature of Montano's expected testimony and the fact that he was no longer available to testify, the district court properly determined that the defense was impaired by the delay in bringing this case to trial.

{21} We note that, in a heading, the State also claims that Montano became unavailable early in the case, prior to the minimum threshold period necessary to trigger a speedy trial analysis. [MIO 7] If Montano could still be located in May 2012, because he was in State custody, then he was still available thirteen months after his

arrest and ten months after his indictment, which is close to the threshold period. Because there is no evidence indicating when Montano became unavailable, the State failed to develop this argument, and there is no citation to support this assertion, we conclude this argument lacks merit. Accordingly, this factor weighs heavily against the State.

**Balancing the Four Factors**

{22}     Each of the *Barker* factors weighs against the State. Significantly, due to the delay in the case, Defendant's ability to defend himself was impaired. Consequently, Defendant's right to a speedy trial was violated and dismissal was proper.

{23}     For the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm the district court's dismissal.

{24}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**

11