This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 35,766**

**LONZELL WIGGINS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him for criminal sexual penetration in the third degree and sentencing him to four

years for having committed a serious violent offense. Unpersuaded by Defendant's docketing statement that the district court erred, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. We have considered Defendant's response and remain unpersuaded. We, therefore, affirm.

{2}      On appeal, Defendant argues that the district court erred by denying his motion to dismiss for violation of his right to a speedy trial, [DS 5; MIO 8-13] and Defendant challenges the sufficiency of the evidence to support his conviction. [DS 5; MIO 13-16] To avoid the unnecessary duplication of efforts, we do not rehash the entire speedy trial analysis and respond only to the arguments raised in Defendant's response to our notice.

{3}      In his memorandum in opposition, Defendant contends that the case was intermediate, at best, and that the fifty-one months it took to bring him to trial was extraordinary and should weigh heavily in Defendant's favor. [MIO 9] The district court agreed with this sentiment and ruled that the delay was extraordinary and should weigh heavily in Defendant's favor. [RP 536-37, 546] Our notice agreed, as well. [CN 3-4] Our notice proposed to hold, however, that the weight given to the length of delay was tempered by our assessment of the remaining factors. The New Mexico Supreme Court has held that, even though the length of delay colors the analysis of the other *Barker* factors, the length of delay is a separate and distinct inquiry, and no

2

single factor is determinative of a speedy trial violation. *See State v. Serros*, 2016-NMSC-008, ¶ 26, 366 P.3d 1121. We applied the analysis in *Serros* due to the cases' similarities in the length of delay and in the allegations that defense counsel played a part in the delay. [CN 3-4]

{4}     In *Serros*, our Supreme Court affirmed dismissal for a speedy trial violation, based on the length and circumstances of the defendant's pretrial incarceration, which resulted in extreme prejudice, and because the defendant did not cause or acquiesce in the delay. [CN 3-4] *Id.* ¶ 3. We contrasted the facts of *Serros* with those in Defendant's case. We explained that Defendant deliberately caused some of the delay himself under the representation of two different defense attorneys, [RP 540, 544-45, 547] waived time limits four times himself under the speedy trial analysis until the next trial setting was to occur, [RP 537-38, 547] and requested delay for allegedly serious discovery violations by the State that proved not to be violations at all. [RP 545-46] It appeared to us that Defendant caused or acquiesced in the defense-caused delay. And most of the remaining delay seemed to have been caused by neutral reasons, not attributable to Defendant or the State, and some delay was caused by administrative reasons that weighed only slightly in Defendant's favor. [RP 543-45] We explained that the State requested only one continuance about two-and-a-half years prior to trial, due to the victim's lack of presence and relocation to Texas—the

only delay to which Defendant objected because he realized the victim was not available to testify against him at that time. [RP 540, 547]

{5} In *Serros*, the defense-caused delay occurred despite the defendant's repeated requests to hasten the process that went ignored by defense counsel, and because the State in *Serros* requested many postponements of trial and was found to have intentionally caused the delay. *See id.* ¶¶ 30-31, 44-75. [RP 547] Also significant to our Supreme Court in *Serros* was the defendant's oppressive pretrial incarceration in segregation for the duration of the delayed process, during which time the victim's age had doubled and the defendant was not ever permitted to interview the victim or his family. *See id.* ¶¶ 35-43, 84-93. In sharp contrast, Defendant in the current case was incarcerated for three months before his release on bond. [RP 547-48] Then, Defendant was reincarcerated for another month based on his arrest for a misdemeanor charge. [RP 548] Defendant showed no particularized prejudice or oppressive pretrial incarceration. [RP 548]

{6} In Defendant's response to our notice, he does not assert that the facts upon which we relied were wrong. Defendant responds that he should not be faulted for his attempts to obtain counsel that would advocate on his behalf and should not have to choose between the right to effective counsel and the right to a speedy trial. [MIO 11] Defendant has not established that his right to effective counsel was being violated by any particular action or inaction of counsel, however. Defendant also has not

4

established that his efforts for a speedy trial were thwarted by defense counsel or the State. Defendant asks that this Court afford more weight to the State's obligation to move cases forward and to see that justice is done. [MIO 11] He asserts that the State contributed to the delay and is at least complicit in negligent delay. [Id.] Defendant does not otherwise dispute our characterization of the reasons for the delay, including the fact that the defense-caused delays were attributable to Defendant himself.

{7}	With regard to Defendant's assertion of the right to a speedy trial, Defendant states that his assertion was timely [MIO 11-12] but does not dispute that he objected to only one of the State's continuances, which he pursued because he realized the victim was not available to testify against him at that time. [RP 540, 547] He also does not challenge the finding that Defendant waived time limits four times himself under the speedy trial analysis until the next trial setting was to occur.

{8}	Lastly, relative to the prejudice Defendant suffered from the delay, he contends that the extraordinary delay in bringing the case to trial impaired his ability to mount a defense that calls witnesses who were present at the party where the crime was alleged to have occurred, because memories fade with time, generally. [MIO 12] Defendant does not establish that he showed particularized prejudice by the passage of time, however, which our case law requires. *See State v. Garza*, 2009-NMSC-038, ¶ 39, 146 N.M. 499, 212 P.3d 387 (holding that "generally a defendant must show

particularized prejudice of the kind against which the speedy trial right is intended to protect").

{9}     We are not persuaded that our notice improperly weighed and balanced the factors. We hold that because only the length of delay weighed heavily in Defendant's favor, and that weight was tempered by the reasons for the delay, the weak assertion of the right, the intentional delays Defendant caused himself, his lack of pretrial incarceration for the bulk of the pretrial delay on the charge, and the lack of particularized prejudice, Defendant's right to a speedy trial was not violated. *See Serros*, 2016-NMSC-008, ¶ 29 ("The reasons for a period of the delay may either heighten or temper the prejudice to the defendant caused by the length of the delay." (internal quotation marks and citation omitted)); *Garza*, 2009-NMSC-038, ¶ 39 (holding that although a defendant must show particularized prejudice, generally, "if the length of delay and the reasons for the delay weigh heavily in defendant's favor and defendant has asserted his right and not acquiesced to the delay, then the defendant need not show prejudice for a court to conclude that the defendant's right has been violated").

{10}    We affirm the district court's denial of Defendant's motion to dismiss for a speedy trial violation.

{11}    Lastly, Defendant challenges the sufficiency of the evidence to support his conviction for criminal sexual penetration. [MIO 13-16] Defendant contends that if

this Court were to reweigh the conflicting evidence presented in this case, particularly the evidence that undermined the victim's credibility, then there was reasonable doubt of Defendant's guilt. [MIO 13-14] Defendant pursues this issue under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 14]

{12}     As we stated in our notice, however, when reviewing for the sufficiency of the evidence, this Court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. The jury is free to reject Defendant's version of the facts and find that the credibility lies in the victim's testimony. *See id.* On appeal, we will not reweigh the evidence, resolve any conflicts in the evidence, or indulge in inferences inconsistent with the verdict. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also Rojo*, 1999-NMSC-001, ¶ 19 (same). Viewing the evidence we set forth in our notice under the principles described above, we hold that the victim's testimony constitutes substantial evidence of

unlawfulness and a lack of consent, and the evidence and inferences presented to the contrary do not render the evidence legally insufficient.

{13}     Based on the foregoing, we affirm the district court's judgment and sentence.

{14}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**I CONCUR:**


_____
**STEPHEN G. FRENCH, Judge**


**TIMOTHY L. GARCIA, Judge (specially concurring).**

**GARCIA, Judge (specially concurring).**

{15} I agree with the majority's position affirming the district court's judgment and sentence is this case. I write to specially concur because of the unique circumstance regarding Defendant's speedy trial motion. A delay of fifty-one months is extraordinary and necessitates serious consideration by this Court.

{16} The unique circumstance in this case arises from the detail in the fourteen page decision letter issued by the district court. With the enormous caseloads that burden our trial courts, we recognize and appreciate the difficulty undertaken by the district court in preparing such a comprehensive and detailed letter ruling in a criminal case. By doing so, the district court was able to carefully explain that, even where an extraordinary fifty-one month delay occurred, Defendant's own actions were the primary cause for the delay. Defendant's actions included, but were not limited to, his personal request for numerous delays or his acquiescence to nearly every delay that occurred in bringing his case to trial. *See State v. Estrada*, 2016-NMCA-066, ¶ 72, 377 P.3d 476 (emphasizing the where the defendant interposed the majority of the delay and repeatedly requested continuances to delay trial, his speedy trial rights were not violated); *State v. O'Neal*, 2009-NMCA-020, ¶ 22, 145 N.M. 604, 203 P.3d 135 (noting that the court could reasonably conclude that a defendant's own actions showed "that [he] was either unconcerned about delay or expected to take advantage of the delay in which he had acquiesced"). The district court's letter ruling was critical

9

in allowing this Court to summarily address Defendant's actions and how they led to the fifty-one month delay. We appreciate the district court's detailed ruling in this case.

_____

**TIMOTHY L. GARCIA, Judge**