This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.            **NO. 35,759**

**DANIEL LANDON,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1} Defendant has appealed from convictions for criminal sexual penetration of a

minor (CSPM) and criminal sexual contact of a minor (CSCM). We issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     As an initial matter, we note that by his motion to amend, Defendant merely seeks to consolidate two related issues that were raised in the docketing statement and addressed in concert in the notice of proposed summary disposition. [MIO 1] Under the circumstances, amendment to the docketing statement is not required.

{3}     Because the pertinent background information and applicable principles have previously been set out, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{4}     Defendant continues to assert that his constitutional right to a speedy trial was violated, taking issue with a number of aspects of our proposed analysis. [MIO 5-17] First, Defendant notes that it is debatable whether the first factor should weigh moderately or only slightly in his favor. [MIO 6] However, he does not dispute our determination that this factor should not weigh heavily; and ultimately, as discussed below, this is the material consideration.

{5}     With respect to the second speedy trial factor, Defendant argues that the reasons

2

for the delay should weigh heavily against the State. [MIO 6-11] He specifically takes issue with our proposal that a two-month period of delay associated with his excusal of a judge should not weigh against the State, [MIO 7-8] and he contends that we improperly weighed seven months of delay associated with the filing of a defense motion against him. [MIO 9-11] Relative to the handling of the delay associated with his excusal of the judge, we note that the authority upon which Defendant relies deals with excusals by *both* parties, and as such, it is inapposite. *See State v. Benavidez*, 1999-NMCA-053, ¶ 35, 127 N.M. 189, 979 P.2d 234 (holding, that the delay attributable to two excusals by the State and the one excusal by the defendant should weigh evenly against the parties); *vacated on other grounds by* 1999-NMSC-041, 128 N.M. 261, 992 P.2d 274. Relative to the months of delay following the filing of the defense motion, contrary to Defendant's assertion we proposed to hold that these seven months should "weigh against the State, although not heavily." [CN 4] Ultimately, fourteen months weigh neutrally, [CN 3-4] and even if the remaining eleven months weigh entirely in Defendant's favor as negligent or administrative delay, the second factor cannot be said to weigh heavily against the State. *See State v. Suskiewich*, 2016-NMCA-004, ¶ 17, 363 P.3d 1247 (holding that a delay of eleven months attributable to the State largely as negligent or administrative delay weighed only slightly against it).

{6} With respect to the third factor, Defendant contends that his initial pro forma speedy trial demands, together with his motions to dismiss filed shortly before the trial settings, should be regarded as sufficiently meaningful assertions to cause the third factor to weight heavily in his favor. [MIO 12-13] We remain unpersuaded. It is well-established that early pro forma assertions and twelfth-hour motions to dismiss are afforded relatively little weight in the speedy trial calculus. *See State v. Samora*, 2016-NMSC-031, ¶¶ 19-20, 387 P.3d 230(articulating and applying these principles); *State v. Thomas*, 2016-NMSC-024, ¶ 13, 376 P.3d 184 (same). To the extent that Defendant invites this Court to depart from these authorities, we decline.

{7} In summary, none of the first three speedy trial factors weigh heavily in Defendant's favor. Under such circumstances, a showing of particularized prejudice is essential. *See Samora*, 2016-NMSC-031, ¶ 23 ("To find a speedy trial violation without a showing of actual prejudice, the [c]ourt must find that the three other *Barker* [*v. Wingo* ,407 U.S. 514] factors weigh heavily against the [s]tate."); *State v. Garza*, 2009-NMSC-038, ¶ 39, 146 N.M. 499, 212 P.3d 387 (explaining that "generally a defendant must show particularized prejudice" and it is only where "the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [the] defendant has asserted his right and not acquiesced to the delay" that "the defendant need not show [particularized] prejudice" in order to prevail on a speedy trial claim).

{8} In this case, Defendant was not subject to oppressive pretrial incarceration. Nor does he claim the loss of exculpatory witnesses, the deterioration of exculpatory evidence, or any other kind of particularized prejudice to his defense. Instead, he relies upon generalized assertions of anxiety and concern, and upon the travel limitations associated with the conditions of his release. [MIO 14-16] However, we have repeatedly held that such assertions are insufficient. *See id.* ¶ 37 (concluding that where the defendant only demonstrated "prejudice in the form of restrictions imposed by pre-trial conditions of release and stress[,]" he failed to demonstrate particularized prejudice as required (internal quotation marks and citation omitted)); *State v. O'Neal*, 2009-NMCA-020, ¶ 28, 145 N.M. 604, 203 P.3d 135 (similarly concluding that no showing of particularized prejudice had been made, where "[the d]efendant present[ed] no evidence of any significant oppressive pretrial incarceration, anxiety and concern, or impairment of his defense[,]" and where "[the d]efendant [did] not show any adverse consequences resulting from the court—imposed pretrial restriction against out-of-state travel"). As a result, we reject Defendant's speedy trial claim. *See Thomas*, 2016-NMSC-024, ¶ 16 ("Because the other factors do not weigh heavily in his favor, and because [the d]efendant has failed to demonstrate any particularized prejudice, we conclude that [the d]efendant's speedy trial claim does not call for reversal of his convictions."); *Garza*, 2009-NMSC-038, ¶ 40 (holding that because

5

the "other factors do not weigh heavily in [the d]efendant's favor" and "[b]ecause [the d]efendant failed to demonstrate particularized prejudice . . . we cannot conclude that [the d]efendant's right to a speedy trial was violated").

{9}     By his second issue, Defendant renews his argument that the district court erred in permitting the State to present evidence of a prior statement by the victim concerning the timing of the pertinent events, and in failing to declare a mistrial. [MIO17-22]

{10}     At the time that we prepared the notice of propose summary disposition, we had little information about the relevant particulars. The memorandum in opposition provides additional insight. It indicates that in the course of her testimony on direct, the victim stated that Defendant had committed the acts forming the basis for CSPM and CSCM on the same day. [MIO 18] The defense subsequently impeached her on cross-examination with a prior statement that she had made in a pretrial interview, to the effect that the conduct forming the basis for the CSPM had happened *after* the conduct forming the basis for the CSCM, at "a time when she could not have had contact with [Defendant] because he was in jail." [MIO 18] On redirect, the State then presented evidence that the victim had indicated in her second safehouse interview that the penetration had occurred *before* the touching, and prior to Defendant's arrest. [MIO 18] The admission of this statement is the object of the evidentiary arguments

6

advanced on appeal.

{11} We perceive no error. Our Supreme Court has held that prior consistent statements are admissible for rehabilitation on several theories, including to refute the suggestion that the witness's memory is flawed due to the passage of time. *State v. Brown*, 1998-NMSC-037, ¶ 43, 126 N.M. 338, 969 P.2d 313. In this case, the impeachment by the defense gave rise to such an inference. Accordingly, the State was properly permitted to present the prior statement, in the course of which the victim described events consistent with her testimony at trial that both the contact and the penetration occurred prior to the date of arrest.

{12} We understand Defendant to argue that the safehouse statement should not be regarded as a prior consistent statement, because it did not describe the timing of the touching and penetration precisely as the victim testified at trial. [MIO 19-20] We disagree. As indicated above, the prior safehouse statement was consistent with the victim's trial testimony, on the critical question whether both acts occurred at a time when Defendant had access to the victim, prior to his arrest. Given the tender age of the victim, the district court acted well within its discretion in determining that additional accuracy and/or specificity relative to sequencing was unnecessary. *See State v. Baldonado*, 1998-NMCA-040, ¶ 20, 124 N.M. 745, 995 P.2d 214 (recognizing that prosecutors face difficulties in prosecuting unwitnessed child sexual assault cases

involving young children, specifically with respect to young children's predictable inability to recall dates with specificity, and as a result, some leeway is allowable). We therefore conclude that the district court did not err in admitting the second safehouse statement for purposes of rehabilitation.

{13}	Third and finally, Defendant renews his argument that his right to due process was violated by placing his case on a trailing docket. [MIO 22-23] However, we remain unpersuaded that the uncertainty associated with this practice renders it impermissible. *See State v. Guerra*, 2012-NMSC-027, ¶ 42, 284 P.3d 1076 (indicating that where a defendant cites no supporting authority from any jurisdiction, we may presume that no such authority exists). We are similarly unpersuaded by Defendant's bare assertion that trial counsel was inadequately prepared. [MIO 23] We therefore reject Defendant's claim of fundamental error.

{14}	Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{15}	**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**